# CHARLESTOWN.

CORE *v.* BELL.

[Submitted June 19, 1882—Decided August 19, 1882.]

<div style="float:right">

| 20 | 169 |
|----|-----|
| 44 | 412 |
| 20 | 169 |
| 56 | 649 |
| 20 | 169 |
| 59 | 404 |

</div>

1. An injunction to stay waste ought to be granted to a vendor against a vendee, to whom he has sold a tract of land in fee simple retaining the title as a security for the purchase-money, who brings his suit to subject the land to the payment of the purchase-money, and the bill charges the defendant with cutting timber on the land in a manner calculated to render it an incompetent security for the payment of the purchase-money. In such a bill it is not necessary to allege the insolvency of the defendant. (p. 174.)

2. If the defendant does not answer the bill properly, the plaintiff may except to such answer; when however he fails to do so, a general denial of the allegations of the bill will make it necessary, that the plaintiff prove the material facts alleged in the bill and so controverted in the answer. (p. 174.)

Appeal from an order of the judge of the circuit court of the county of Ritchie, made in vacation on the 8th day of March, 1882, in a cause in said court then pending, wherein A. S. Core was plaintiff, and J. G. Bell was defendant, allowed upon the petition of said Bell.

Hon. Thos. J. Stealy, judge of the fourth judicial circuit, made the order appealed from.

The facts of the case are stated in the opinion of the Court.

*R. S. Blair* for appellant cited 11 W. Va. 464.

*W. L. Cole* for appellee cited Hill on Inj. p. 628 § 20, p. 236 § 4; Story Eq. Juris, §§ 914, 915, 919; 15 Ves. 138; 2 H. & M. 25; 17 W. Va. 276; Hill on Inj. p. 114 § 50; *Id.* p. 107 § 39; *Id.* p. 110 §§ 41, 42, 43; *Id.* p. 104 § 35.

*Thomas E. Davis* for appellee cited 2 Atk. 183; 18 Am. Dec. 350; 12 Am. Dec. 104.

JOHNSON, PRESIDENT, announced the opinion of the Court:

The plaintiff, A. S. Core, filed his bill in chancery against J. G. Bell in the circuit court of Ritchie county on the 27th day of February, 1882, in which he alleged, that he had on November 28, 1879, sold a tract of fifty acres of land in said county to the defendant for the sum of four hundred dollars, fifty dollars to be paid cash in hand, fifty dollars on or before the 1st day of May, 1880, one hundred dollars to be paid on or before the 28th day of ⸺ 1880, one hundred dollars on or before the 28th day of November, 1881, and one hundred dollars on or before the 28th day of November, 1882, the deferred payments to bear interest from day of sale. The contract of the sale was exhibited with the bill. The plaintiff further alleged, that Bell entered into possession and has never paid any of the purchase-money, as he believes, although the contract acknowledges the payment of fifty dollars; that all of the purchase-money is due except the last payment of one hundred dollars and the interest thereon; that defendant has been occupying and using the said land; that the chief value of the land is the timber growing thereon; that he is informed and believes and charges, that the defendant is cutting and destroying the timber thereon; that the defendant is wholly insolvent; that in a very short time he will have all the timber taken from said land; that he is now cutting and hauling the timber off, and in a few days, will render the land entirely worthless as to good timber and then

the said land will not sell for sufficient to pay the sum now due upon it; that plaintiff has a lien on said land for the purchase-money and is entitled to have the same enforced in a court of equity. The bill prays for a sale of the land to pay the purchase-money due thereon, and for an injunction restraining the said defendant, Bell, or his agents from cutting or destroying any timber growing thereon and from removing any timber, that may be cut and ready to remove and from committing any waste. The injunction was granted as prayed for.

The defendant filed his answer in which he does not deny that he owes the purchase-money claimed, except as to fifty dollars claimed to have been paid at the date of the purchase, but admits all except the said fifty dollars. Then follows: "This respondent denies the allegations and charge made in said bill, that he is cutting and destroying the timber upon said land; and likewise the charge of insolvency is here expressly denied." He avers, that since his purchase he has put up a log house on said land, also erected a stable ready for roofing, cleared and fenced ten acres, and set out 89 apple-trees and some plum-trees and peach-trees, and by said improvements has increased the value of said land at least two hundred dollars; and that the timber, which was alleged to have been cut, was cut in the process of clearing. The defendant in his answer claims, that he has the legal right to cut timber upon the said land by virtue of his purchase thereof. He denies, that the timber growing upon said land constitutes its chief value. He claims, that there is a cloud upon the title and sets out, what he claims it to be, and that when the same is removed, he says, he is ready and willing to pay the residue of the purchase-money. He says he does not admit but denies each and every allegation in the bill made, that he does not specifically admit.

Upon a motion made in chambers on the 8th day of March, 1882, to dissolve the injunction the judge said: "And it appearing to the court, that the defendant, J. G. Bell, has filed his demurrer and answer at rules with the exhibit in said answer referred to, the bill of complaint, and moved the judge to dissolve the injunction granted herein by said judge on the 7th day of February, 1882, and it appearing that rea-

sonable notice of said motion has been given to said complainant, and his appearing by counsel and resisting said motion, &c.," the judge proceeded to "hear said motion upon the bill of complaint with exhibits filed therewith, as well as the demurrer and answer of said defendant, J. G. Bell, as well as the exhibit filed with said answer, and the judge having maturely considered the said motion to dissolve, is of the opinion not to sustain the said motion but to overrule the same. It is therefore ordered, that the said motion to dissolve be and the same is hereby overruled."

From and to this order the defendant obtained an appeal and *supersedeas.*

The demurrer to the bill raises the question, whether the injunction was improvidently awarded. The answer to this question requires us to decide, whether the bill shows a proper case for an injunction.

In *Scott* v. *Wharton,* 2 H. & M. 25, it was held, that an injunction to stay waste ought not to be granted to a vendor against a vendee, to whom he has sold a tract of land in fee simple retaining the title as a security for the purchase-money, unless he brings his suit to subject the land to the payment of the purchase-money, and charges the defendant with cutting timber in a manner calculated to render the land an incompetent security, in which case such injunction to stay waste pending the suit may be awarded.

In *Van Wyck* v, *Alliger,* 6 Barb. 507, in which the decision in *Scott* v. *Wharton, supra* was approved, it was held, that under a contract for the sale and purchase of land, by which time is given for the payment of the purchase-money, and the purchaser is to have the possession of the premises in the meantime, the purchaser is in equity deemed the owner of the premises having the same rights as a mortgager in possession; and the vendee stands in the situation of an equitable mortgagee; and the court will not restrain the purchaser by injunction from committing waste by cutting timber on the land, unless he does so to such an extent as to render the land an inadequate security for the unpaid purchase-money. In that case the court by Mason, judge, said: "Under the rule, which obtains in a court of equity, the defendant by the contract of sale is deemed the equitable owner of the premises,

and the plaintiff stands in the situation of an equitable mort-
gagee.   6 Ves. 349 note a;  15 Ves. 138;  2 Story's Eq. Jur.
p. 628 §§ 789, 790, 1212;  6 Johns. Chy. 403;  3 Johns. Chy.
316; 1 Barb. Sup. Court Rep. 495;  *Edgerton* v. *Peckham*, 11
Paige 359.

It is a familiar rule in equity, that a mortgager in posses-
sion has the right to cut timber; and a court of equity will
not interfere to restrain him in the exercise of that right,
until it is made to appear to the court, that he is cutting to
an extent calculated to render the land an incompetent
security for the amount due upon the mortgage.   Story's
Eq. Juris. 915; *Brady* v. *Waldrons*, 2 John. Chy. 148; 8 Ves.
108 note 1; *Hippesly* v. *Spencer*, 5 Madd. 422; *Farrant* v.
*Lovel*, 3 Atk. 723;  *Wright* v. *Atkyns*, 1 Ves. & Bea. 314;
*Scott* v. *Wharton*, 2 H. & M. 25.   I know there are some
cases, which hold, that the whole estate is security for the
mortgage debt, and that the courts should therefore interfere
by injunction to restrain all waste without reference to the
question, whether the acts were calculated to impair the
security or not.   I am not prepared to recognize the doctrine
contained in these cases; and the doctrine has been repu-
diated in most of the cases above cited.   *   *   *   The land
in equity belongs to the mortgager; and it seems to me, that
courts of equity will do their whole duty, when they fully pro-
tect this chattel interest of the mortgagee by saying to the
mortgager, you shall do nothing calculated to impair the secu-
rity; with this exception you may commit all the waste on the
land you please, for it is your own.   I can never assent to
the issuing of an injunction in behalf of a mortgagee in such
a case, unless he shows, that it is necessary to preserve his
security.   *   *   The same rule in equity, as we have already
seen, prevails in this case, as would govern on a bill filed by
a mortgager against a mortgagee in possession.   In equity
the purchaser is owner of the land, but the land is a security
for the payment of the purchase-money, and one, which it is
the duty of the courts to protect.   That they will faith-
fully do by enjoining all waste calculated to impair its
value."   He should have added, to be consistent, in his
opinion, "to such an extent as to render the land an incom-
petent security for the unpaid purchase-money."

The opinion of the court in *Van Wyck* v. *Alliger, supra,* we approve as sound. The purchaser should have free use of his land, so long as he is not injuring by its use the vendor, who has a lien thereon for the unpaid purchase-money; and a court of equity should not interfere, unless it is necessary to prevent the vendor from such a use of the land, as is calculated to so diminish its value, that it will not be sufficient to pay the unpaid purchase-money. In a bill for such a purpose it is not necessary to allege the insolvency of the defendant. The vendor has retained the title as security for the purchase-money, and he has a right to look to the land for payment thereof, and is not under any circumstances during the life of the vendor compelled to look elsewhere for payment. The bill in this case was filed for the purpose of subjecting the land to the payment of the purchase-money and to restrain the defendant from so diminishing the value of the land pending the suit, that it would not be of sufficient value to discharge the purchase-money. His bill showed a good ground for injunction without the charge of insolvency.

The motion to dissolve the injunction was heard on bill and answer. It is claimed by counsel for appellee, that the answer does not deny, that the defendant was cutting and hauling the timber off, and that in a short time he would have it all taken from the land; and that it does not deny, that when the timber is so taken off the land, it would not sell for sufficient to pay the purchase-money. If these allegations of the bill were not denied, the motion to dissolve was properly overruled; if they were denied, the injunction should have been dissolved. The answer contains a general denial of every allegation of the bill not therein expressly admitted; and it is certainly not admitted by the answer, that the timber taken off so reduced, or would so reduce the value of the land, as to render the security for the purchase-money incompetent. If the defendant does not answer properly the plaintiff may except to such answer. When however he fails to do so, a general denial of the allegations of the bill will make it necessary, that the plaintiff shall prove the material facts alleged in the bill and controverted by the answer. *Warren & wife* v. *Syme,* 7 W. Va., 474; *Burlew, Trustee* v. *Quarrier et. al.,* 16 W. Va. 109; *Richardson* v. *Done-*

*hoo et al.*, *Id.* 685. The material allegations of the bill being so controverted, and no proof appearing to sustain such allegations, the court erred in overruling the motion and refusing to dissolve the injunction.

The order of the judge made in the vacation is reversed with costs, and this Court proceeding to make such order as the judge of the circuit court of Ritchie county should have made upon the hearing of said motion made in chambers to dissolve said injunction, it is ordered, that said injunction be dissolved; and this cause is remanded to the circuit court of Ritchie county for further proceedings to be had therein.

THE OTHER JUDGES CONCURRED.

ORDER REVERSED.     CAUSE REMANDED.