# CHARLESTON.

BRONSON *v.* VAUGHAN *et al.*

Submitted January 20, 1898—Decided March 26, 1898.

1. EQUITY—*Denial by Answer—Evidence.*

    Where the material allegations of the bill are denied by the answer in a suit in equity, the effect of such denial is to put the plaintiff on satisfactory proof of such allegations. (p. 410).

2. VOLUNTARY CONVEYANCE—*Impeachment—Fraud—Evidence.*

    A voluntary conveyance cannot be impeached by subsequent creditors on the mere ground of its being voluntary, and of the party making it, or at whose instance it was made, being indebted to some extent. There must be proved by such subsequent creditors an actual fraudulent view or intent by proving additional circumstances sufficient to show fraud in fact. (p. 412).

3. FRAUD—*Evidence—Inference of Fraud.*

    The proposition that "fraud must be proved and not presumed" is to be understood only as affirming that a contract honest and lawful on its face must be treated as such, until it is shown to be otherwise by evidence, either positive or circumstantial. Fraud may be inferred from facts calculated to establish it. (p. 412).

Appeal from Circuit Court, Cabell County.

Suit by A. L. Bronson against H. B. Vaughan and others to set aside a conveyance as in fraud of creditors. From a decree for plaintiff, defendant Mattie E. Vaughan appeals.

*Reversed.*

RUFUS SWITZER, THOS. WIATT, and FLOURNOY, PRICE & SMITH, for appellant.

CAMPBELL, HOLT & CAMPBELL, for appellee.

ENGLISH, JUDGE:

On the 1st day of December, 1893, H. B. Vaughan made his negotiable note for one hundred dollars payable twelve months after date, to the order of A. L. Bronson, at the Commercial Bank of Huntington, at Huntington, W. Va., which note was indorsed by F. L. Doolittle and A. Bronson, which note the said Vaughan failed to pay at maturity, and the same was duly protested; and on the 18th day of April, 1895, the said A. L. Bronson obtained a judgment upon said note for the sum of one hundred and three dollars and seventy-three cents, with interest thereon till paid and costs of suit, on which judgment execution was issued and levied on certain personal property of said H. B. Vaughan, who returned a schedule under the statute, and the property so levied upon was released from said levy. On the 3d day of December, 1892, said H. B. Vaughan being the owner of a certain lot or parcel of land in the city of Huntington, known as lot No. 1 in block No. 152, in said city of Huntington, conveyed the same by deed of that date to F. F. McCullough, which deed was admitted to record in the county of Cabell on the 24th day of March, 1893. On the 5th day of December, 1892, F. F. McCullough and wife conveyed the same lot to Mattié E. Vaughan, the wife of H. B. Vaughan, which deed was also admitted to record on the 25th day of March, 1893. On the 2d day of August, 1894, said Mattie E. Vaughan and H. B. Vaughan, her husband, conveyed a portion of said lot No. 1 in block No. 152 to Mary A. Gwinn, in consideration of the exchange of other real estate, consisting of a tract of land situated in Grant district, Cabell County, W. Va., known as the "Malcolm Farm," containing thirty-seven and five-eighths acres, less one-fourth of an acre reserved for a burying ground, conveyed on the same day by said Mary A. Gwinn and husband to the said Mattie E. Vaughan. On the 12th of August, 1895, A. L. Bronson filed his bill in the circuit court of Cabell county against said H. B.

Vaughan, Mattie E. Vaughan, his wife, F. L. Doolittle, F. F. McCullough, and A. V. McCullough, for the purpose of setting aside said conveyances made by said Vaughan to F. F. McCullough and from F. F. McCullough and wife to said Mattie E. Vaughan, and subjecting the realty embraced therein to the payment of said judgment. Said bill was filed at the October rules, 1895, in which he set forth the facts hereinbefore detailed in reference to the execution of said note, the suit and judgment on the same, and the manner in which the execution thereon was executed and returned; that, at the time of loaning the defendant H. B. Vaughan the one hundred dollars as aforesaid, the said Vaughan was a carpenter and building contractor by vocation, and was engaged in the erection of a costly two-story brick dwelling house on said lot No. 1, and that he was informed by said H. B. Vaughan and other persons, and believed, that the money so loaned, with other large amounts of the said H. B. Vaughan's individual funds, was invested in said dwelling, to the prejudice of the creditors; that, at the time of loaning said money to Vaughan, he told the plaintiff that he was the owner of said lot No. 1 upon which he was erecting said dwelling house; that plaintiff had implicit confidence in Vaughan, and relied upon his statement without any investigation of the title of said lot, and did not discover, until after having obtained judgment as aforesaid, that he had prior to the making of said loan caused the title to said lot to be conveyed to the defendant Mattie E. Vaughan, wife of H. B. Vaughan; that said H. B. Vaughan, while engaged in the business as a builder and contractor in the city of Huntington, became indebted to different parties whose names are set forth in the bill to insolvency, and being so indebted, and without paying or securing the payment of same, with the intention to hinder, delay, and defraud his then existing creditors, and also his subsequent creditors, from having recourse to said lot No. 1 for the collection of their claims against him, on the said 3d day of December, 1892, executed said voluntary conveyance, without any valuable consideration whatever, to F. F. McCullough, who, with his wife, by the direction of said H. B. Vaughan, and without any consideration, on December 5, 1895, conveyed the same lot to said

Mattie E. Vaughan; that afterwards said Mattie E. Vaughan conveyed a portion of said lot, as above stated, to Mary A. Gwinn, who conveyed to her, in exchange, said farm, containing one hundred and thirty-seven acres, situated in Cabell county, on which the said Vaughan and his wife now reside; and praying that the conveyance to his wife by the said Mary A. Gwinn be set aside, and said farm subjected to the payment of the debts of said Vaughan, including the said judgment of the plaintiff.

The defendants H. B. and Mattie Vaughan filed their answer to the plaintiff's bill on the 11th day of January, 1896, in term time, admitting the indebtedness of H. B. Vaughan which existed at the date of the conveyance to his wife; also his subsequent indebtedness, including the plaintiff's debt; also the voluntary character of the conveyance to his wife. The answer denies that the conveyance by Vaughan to his wife left him without sufficient property to satisfy his then-existing creditors, and claims the contrary was true, and denies all fraudulent intent upon the part of either husband or wife. It was also alleged in said answer that the defendant F. L. Doolittle, one of the judgment debtors, was the owner of ample personal property, subject to execution, to pay said judgment, and that the plaintiff, for that reason, is without standing in a court of equity. The defendants also filed a demurrer to the plaintiff's bill at the same time the answer was filed, which was overruled, and the plaintiff replied generally to the answer. The defendants then moved for a continuance of the case, in order that they might take proof in support of their answer, which motion was also overruled, and the court heard the cause upon the bill and answer and replication thereto, and decreed that the conveyance by Mary A. Gwinn to Mattie E. Vaughan, conveying the farm of one hundred and thirty-seven acres, was in fraud of the plaintiff's rights and the rights of the other creditors of H. B. Vaughan, and said deed was set aside, and the land embraced therein charged with the plaintiff's claim, and the cause was referred to a commissioner to take an account, showing the amount of plaintiff's claim, after deducting any credits thereon claimed by said Vaughan, and also the liens, if any, upon the land, the nature thereof,

and their amounts and priorities. From this decree, the defendant Mattie E. Vaughan obtained this appeal, and assigned the following errors : (1) In overruling the defendants' demurrer; (2) in refusing to allow a continuance of said cause, that the defendants might have an opportunity to take proof to sustain the allegations in their answer; (3) in setting aside the conveyance of Mary A. Gwinn and her husband to Mattie E. Vaughan, and charging the land therein conveyed with the judgment of plaintiff and the costs of the suit.

Did the court err in overruling the demurrer to plaintiff's bill? Considering, as we must, the allegations of the bill as true, the court, as I think, committed no error in overruling the demurrer. The plaintiff, by his bill sought to have his judgment.declared a lien upon said one hundred and thirty-seven acre tract of land, that the deed of conveyance to said Mattie E. Vaughan might be vacated and set aside only so far as the plaintiff's rights were concerned, and that said tract of land might be sold, and the proceeds applied to the payment of the plaintiff's claim. In order that this might be done, the said Mary Gwinn and G. W. Gwinn were not necessary parties. Although said land was conveyed to said Mattie E. Vaughan by said Gwinn and wife with covenants of general warranty, they did not thereby covenant to warrant the title against demands created by the fraud of the grantee, which is alleged in the bill and taken as true upon demurrer; and, again, the bill alleges the insolvency of Vaughan, and that the conveyance of said lot made by him to his wife without any valuable consideration, with intent to hinder, delay and defraud the plaintiff and other creditors of said Vaughan, which would render such conveyance liable to be set aside at the instance of the creditors, whether existing or subsequent ; and this bill only seeks to follow the money invested by said Vaughan in lot No. 1 in Huntington into the farm for which it was exchanged, and subject said farm to the payment of plaintiff's judgment.

Was the motion for continuance properly overruled by the court ? In order to reach a proper conclusion upon this question, we must consider that this bill was filed at rules on the 9th of October, 1895, and the answer was not

tendered until January 11, 1896, in term time; and after the answer was filed, and the plaintiff replied generally thereto, the defendants asked a continuance of the cause, to give them an opportunity to prove the allegations of their answer, which motion was overruled. The defendants offered no affidavit in support of their motion, or in any manner showed to the court that they had any proof to take or any good cause why such continuance should be granted, when section 53 of chapter 125 of the Code expressly provides that "at any time before final decree a defendant may file his answer, but a cause shall not be sent to rules or continued, because an answer is filed in it unless good cause be shown by affidavit filed with the papers therefor." Under this section, then, and in the circumstance of the case, I think the motion for continuance was properly overruled. 1.

In support of this conclusion, see the case of *Tracewell* v. *Boggs*, 14 W. Va., 254, in which this question was raised and passed upon, the Court holding (point 2 of the syllabus), that "under the statute the defendant has a right to file his answer at any time before final decree, but, if it be not filed in due time, the suit shall not thereby be continued, unless the court shall for good cause so order."

Now, as to the third assignment of error, to wit, that the court erred in setting aside the conveyance of Mary A. Gwinn and her husband to Mattie E. Vaughan, and charging the land in such conveyance described with the judgment of the plaintiff and the costs of suit: In passing upon this question, our attention is first directed to the fact that this cause was heard upon the bill, answer, and general replication thereto; and upon the questions raised by the pleadings we inquire, first, where rests the burden of proof? That the deeds from Vaughan to McCullough and from McCullough and wife to Mattie E. Vaughan were voluntary is apparent on their face. The answer also admits that said Vaughan was indebted at the time of said conveyances, but claims that he had more than sufficient property to pay all debts. The bill also charges that said conveyances were made by the defendant Vaughan with intent to delay, hinder, and defraud his subsequent creditors, in this: that, at the time of making the same, the said

brick dwelling house (on the lot conveyed to his wife) was only partially completed; that he then contemplated borrowing additional sums of money necessary to complete the same, and, by reason of such additional sums creating indebtedness subsequent to the transfer to his wife as aforesaid, his subsequent creditors would be without remedy or recourse to the property so conveyed to her. This allegation was denied by the answer, and it also denied that the money loaned to H. B. Vaughan by the plaintiff went into said dwelling house, claiming that it had been completed long before the loan was made, and denying all of the allegations of fraud in the bill. The effect of these positive denials in the answer, under section 59 of chapter 125 of the Code, was to put the plaintiff in satisfactory proof of the truth of such allegations. So, in the case of *Bryant* v. *Groves*, 42 W. Va., 10, (24 S. E. 605), point 3 of syllabus, this Court held that "it is incumbent on the plaintiff to show by his allegations and proofs his right to a decree, before he can require the defendant to sustain the affirmative allegations of his answer;" and, in point 1, "allegations in a bill in chancery positively denied by the averments of the answer, and unsustained by proof, must at the hearing be regarded as waived by the plaintiff." On this point, see, also, *Core* v. *Bell*, 20 W. Va., 169; *Jarrett* v. *Jarrett*, 11 W. Va., 586. As to the manner in which fraud must be proved, see *Goshorn's Ex'r* v. *Snodgrass*, 17 W. Va., 717, point 2 of syllabus, where it was held that "the proposition that 'fraud must be proved and not presumed' is to be understood only as affirming that a contract honest and lawful on its face must be treated as such, until it is shown to be otherwise by evidence either positive or circumstantial. Fraud may be inferred from facts calculated to establish it." Again in the syllabus of *Greer* v. *O'Brien*, 36 W. Va., 277, (15 S. E. 74), it was held that "the second section of chapter 74 of the Code makes a clear distinction between the rights of existing and subsequent creditors as to a voluntary conveyance, and such a conveyance cannot be impeached by subsequent creditors on the mere ground of its being voluntary, and of the party making it, or at whose instance it was made, being indebted to some extent. There must be

proved by such subsequent creditors an actual fraudulent view or intent by proving additional circumstances sufficient to show fraud in fact." Now, when we look to the pleadings in the case at bar, and find every material allegation of the bill denied by the answer, and no proof taken to sustain the bill, under the statute and the decisions we have just quoted I can reach but one conclusion, and that is that the decree complained of must be reversed, and the plaintiff's bill dismissed with costs.

*Reversed.*