# CHARLESTON.

## EAKIN *et al.* v .HAWKINS *et al.*

### Decided December 1, 1900.

1. EQUITY JURISDICTION—*Bill—Sufficiency.*

   If equity has jurisdiction to grant any part of the relief prayed, and sufficient matter appears on the face of the bill to authorize such relief, it is error to dismiss the bill. (p. 371).

2. CONVEYANCE—*Life Tenant—Oil Lease—Royalty.*

   J. T. A. H. and others by deed of date April 17, 1883, conveyed to H. and his heirs, to be held by H. during his natural

life, then to his heirs, thirty acres of land. By deed of lease
dated December 13, 1895, H. sold to an oil company seven-
eighths of the oil underlying the same, reserving to himself
the one-eighth of the oil as royalty. By deed of June 3, 1896,
H. conveyed with general warranty to F. one-half of the one-
eighth of the oil so reserved to himself. In July, 1897, proceed-
ings were instituted in the circuit court of T. county in which
H. was adjudged to be "not capable of managing his property
and estate," and H. F. H. was appointed committee of said H.
H. F. H. was also appointed guardian of the infant children of
H.    On the 20th of August and 14th of December, 1897, said
committee and guardian leased said thirty acres to B. and C.
for oil purposes, reserving to himself, as such committee and
guardian, one-eighth of the oil as royalty. *Held*, that F. will
take under the conveyance of H., dated June 3, 1896, the one-
half of the interest in the oil to which H. would be entitled,
when produced, as life tenant, unless it be satisfactorily estab-
lished that H. was of unsound mind and incompetent to con-
tract at the time of the execution of said conveyance to F.,
dated June 3, 1896.    (p. 372).

Appeal from Circuit Court, Tyler County.

Bill by Justus Eakin and others against Isaac N. Hawkins
and others. Decree for defendants, and plaintiffs appeal.

*Reversed.*

HALL & HALL, for appellants.

G. D. SMITH, for appellees.

McWHORTER, PRESIDENT:

On the 26th of January, 1852, James Ferrell and wife con-
veyed by deed of that date to Simeon H. Hawkins two tracts of
land in Tyler County, one for three hundred and forty-five, the
other for three hundred and five acres. By deed of date Septem-
ber 20, 1875, said Simeon conveyed the said tract of three hun-
dred and five acres of land to Joshua T. A. Hawkins in con-
sideration of two thousand dollars. Simeon died in 188-, leav-
ing surviving his children and heirs at law, Isaac N. Hawkins,
B. F. Hawkins, Acena S. Keller, W. C. Hawkins, Delila Pipes
and Joshua T. A. Hawkins. By deed of date April 17, 1883,
Joshua T. A. Hawkins, Benjamin F. Hawkins, Acena S. Keller,
W. C. Hawkins and Delila E. Pipes conveyed to Isaac N. Haw-
kins thirty acres of land. By deed of lease dated December 13,

1895, Isaac N. Hawkins and wife granted to the Fisher Oil Company the said tract of thirty acres of land for oil and gas purposes reserving to themselves the one-eighth of the oil, to be delivered to them in the pipe lines as produced, and to pay one hundred dollars per year for gas in case it was produced and sold off the premises, so long as it should be so produced and sold. On the 20th of August, 1897, B. F. Hawkins, as committee of Isaac N. Hawkins and as guardian of said Isaac N. Hawkins' children, naming them, leased the same thirty acres to S. P. Boyer and J. H. Caldwell, for oil and gas purposes, reserving the one-eighth of the oil as royalty, and three hundred dollars for gas from each well that might produce gas that should be marketed and cash bonus of three hundred and ninety-five dollars for said lease, and again by lease dated December 14, 1897, said committee and guardian executed a similar lease to the same lessees, for the said thirty acres of land. On the said 20th of August, 1897, said lessees Boyer and Caldwell by writing of that date assigned to the Fisher Oil Company and its successors or assigns the one undivided one-half interest in said lease. By deed dated June 3, 1896, Isaac N. Hawkins and wife in consideration of thirty dollars, and other good and valuable considerations to them paid by C. S. Fluharty conveyed to him the one undivided half of the said royalty of one-eighth of the oil reserved to them in the said lease of December 13, 1895, and by writing on the back of said deed said Fluharty on the 4th of March, 1897, assigned to Justus Eakin the one-half of the interest in the royalty so conveyed to him by Isaac N. Hawkins, and by deed of March 12, 1897, said Fluharty assigned to W. McG. Hall and J. P. Chaplin an interest in his remaining one-half of his interest and by deed of March 27, 1897, said Fluharty conveyed a further interest therein to said W. McG. Hall, and on the same day W. McG. Hall conveyed to S. B. Hall a part of his interest so conveyed to him by said Fluharty, and on the same day said W. McG. Hall conveyed another interest therein to E. J. Thompson. Plaintiffs Justus Eakin, J. P. Chaplin, E. J. Thompson, W. McG. Hall, S. B. Hall and C. S. Fluharty filed their bill in the circuit court of Tyler County on the 14th day of April, 1898, and in July their amended bill, which last named bill is filed against Isaac N. Hawkins, B. F. Hawkins, committee and guardian and in his own right, and Ora H. Kile, Flora

N. Hawkins, John W. Hawkins, Emma J. Hawkins, Rosa N. Hawkins, Bertha E. Hawkins, and Horner F. Hawkins, infants, J. T. A. Hawkins, Acena S. Keller, W. C. Hawkins, Delilah E. Pipes and S. P. Boyer, J. H. Caldwell, Fisher Oil Company, a corporation, and the Eureka Pipe Line Co., a corporation, setting out the conveyances and assignments aforesaid, alleging that Benjamin F. Hawkins was on the 17th day of July, 1897, appointed guardian of said infant defendants who were children of said Isaac N. Hawkins, and was on the 10th day of August, 1897, appointed committee of said Isaac N. Hawkins; that the deed of September 20, 1875, from Simeon to J. T. A. Hawkins conveying the three hundred and five acre tract of land was without consideration deemed valid in law, that the face of said deed contains and expresses a consideration of two thousand dollars as passing from said Joshua T. A. Hawkins to Simeon H. Hawkins, but say that said Joshua did not pay to said Simeon or other person, the said two thousand dollars or any part of it, that no consideration passed from said Joshua for said land, but that said conveyance was for the sole and only purpose and that said land was conveyed to the said Joshua for the purpose, use and benefit of the heirs of said Simeon; that Joshua took the land to divide and convey the same to said heirs of Simeon at his death; that Simeon died leaving surviving him the children named above; that Simeon died seized of the equitable title to said tract of three hundred and five acres; that his said children inherited the said three hundred and five acres of land as such heirs at law and immediately on Simeon's death became the owners thereof as co-parceners; that at the death of Simeon the legal title was in Joshua T. A. Hawkins, and the equitable title in the heirs at law of Simeon; that the legal title was held by Joshua for the use, benefit and in trust of and for the heirs of Simeon; that after his death his said heirs proceeded to partition said three hundred and five acres of land among themselves and to convey the partitioned parts thereof each to the other by deeds of conveyance; that in said deeds amounts of money for consideration were named but in fact no consideration passed between the heirs or from the other heirs to said Joshua or from them to any other person; that said partition deeds were made as if said deed from Simeon to Joshua had not been made and as if Simeon had died intestate and said heirs so regarded and considered said property; that as part and parcel thereof they

set off to defendant Isaac N. Hawkins the thirty acres partitioned from said three hundred and five acre tract by paper writing properly describing same; that the said defendants Joshua T. A. Hawkins, B. F. Hawkins, Acena S. Keller, W. C. Hawkins, and Dililah Pipes, by instrument dated April 17, 1883, described and bounded said land for the purpose of dividing the same as partitioned between the heirs of Simeon and that said instrument failed to and was insufficient in law to convey to said Isaac N. Hawkins his rightful and true interest in and to said land, and did not contain apt words to describe his interest therein, that said Isaac N. Hawkins did not sign said deed, and that the same does not erect a use in said Hawkins and can be construed only in fee simple in and to him; that said Isaac and wife for vlauable consideration by their deed of December 13, 1895, granted to the Fisher Oil Company all the oil and gas underlying said thirty acres, reserving one-eighth of the oil and one hundred dollars per year for the gas as consideration; that B. F. Hawkins as committee and guardian by the deeds of August 20 and December 14, 1897, pretended to convey said oil and gas under said thirty acres to defendants Boyer and Caldwell, reserving one-eighth of the oil as royalty and $——— for the gas reserved as consideration; that under one or more of said leases for oil and gas, but which one being unknown to plaintiffs, defendant Fisher Oil Company by itself or with others took possession of and proceeded to develop and bore for oil and gas and were still actively developing the said thirty acres; that defendant B. F. Hawkins, committee and guardian, set up and made claim to the interest of plaintiffs to the oil and gas under said thirty acres of land under some pretended claim unknown to plaintiffs, but they believe it to be under the leases made by said committee and guardian of August 20 and December 14, 1897, or one of them. That the oil produced had been run into the pipe lines of the Eureka Pipe Line Company; that plaintiffs made application to said pipe line company for their share of the oil under their said grant made to them through said plaintiff Fluharty, and the pipe line company refused to deliver them the oil for the reason that said B. F. Hawkins, committee and guardian, was claiming the interest of plaintiffs for his insane and wards; that the acts and doings of said B. F. Hawkins, committee and guardian, had deprived and kept plaintiffs from their rights in and to said oil; alleging that defendant Isaac N.

Hawkins is a married man, past middle life in age, has success-fully raised a family of children (those named as defendants); that he supported and raised said children by his own labor; that he performed and did acts of business continually with his neighbors and passed title to property without question; that he granted the oil lease of December 13, 1895, to Fisher Oil Company, collected the rent and accepted the rent therefor; that said lease was given long before the Elk Fork oil field was shown to be a producer of oil; that said lease was as fair a lease as was usually given in that neighborhood at that time; that said lease was not questioned at any time and is now a legal and subsisting lease; that the grant of one-half the royalty by Isaac N. Hawkins to plaintiff C. S. Fluharty was made for valuable consideration at a time when operations indicated that said land was worthless for oil and gas, and made nearly a year before the first well in the Elk Fork field was drilled and long before any leases were taken therein for the purpose; was made in good faith to said Fluharty; that plaintiffs acquired and owned their rights therein before the time Hawkins was ap-pointed committee for Isaac and guardian for his children; that no inquisition had ever been had on the insanity of said Isaac until after these plaintiffs acquired their rights in said land; that the acts of said defendants, the appointment of said B. F. Hawkins, committee and guardian, the leases of August 20 and December 14, 1897, and all acts thereunder have been, were and are being done to cheat and defraud the plaintiffs out of and from their half interest in and to the royalty within and under-lying the said thirty acres; that said Isaac was not a person of unsound mind at the time of the vesting of the property in plaintiffs; that said Isaac together with his brother, B. F. Haw-kins, by the said B. F. Hawkins, guardian and committee, with others, colluded and conspired to wrong, cheat and defraud plaintiffs out of their right and interest in and to the oil and gas under said thirty acres of land; that Isaac suffered himself to be declared insane for that purpose; that said leases of August 20 and December 14, 1897, made by B. F. Hawkins committee and guardian were made in furtherance of said pur-pose; that said infants did not nor have they any legal interest or title whatever; present or future in and to said thirty acres of land, that said leases of August and December do not vest any legal title in the grantees or assignees thereof, being insuf-

ficient in law for that purpose; that whatever right defendant Isaac N. Hawkins had by virtue of the deed of April 17, 1883, made by J. T. A. Hawkins and others in said thirty acres plain-- tiffs have a like interest under and by the sale to Fluharty of June 3, 1896. And pray to be decreed one-sixteenth of all the oil and gas mined and produced from and under said thirty acres of land, or failing in that, the one-sixteenth of the interest of the defendant Isaac N. Hawkins in and to all the oil and gas mined and produced therefrom; that B. F. Hawkins, committee and guardian, be restrained from taking any part of the one-sixteenth of the oil and gas belonging to plaintiffs under or by the grants made by him as said committee and guardian of August and December, that the Fisher Oil Company, C. P. Boyer and J. H. Caldwell, any or all of them, be restrained from delivering to said Hawkins, committee and guardian, or to his credit in the pipe lines the said one-sixteenth of the oil theretofore produced under the same and that the court order the same to be delivered to plaintiffs; that the Eureka Pipe Line Company be enjoined and restrained from delivering the same to said guardian and committee; that a receiver be appointed to take charge of said one-sixteenth part of the oil theretofore produced or to be thereafter produced; that the court decree that the defendants, the co-heirs of Isaac N. Hawkins, and especially the defendant J. T. A. Hawkins do make a proper and legal deed conveying to said Isaac his full and rightful title and interest in the said thirty acres, and on their failure to do so, to appoint a commissioner for the purpose of making such deed, and for general relief.

The demurrer was filed to the amended bill which contains all the material allegations of the original bill. Is the bill sufficient, if its allegations are true, to entitle plaintiffs to any relief in the cause? Simeon H. Hawkins conveyed to Joshua T. A. Hawkins three hundred and five acres of land, which the bill alleges was conveyed in trust, to be by said grantee conveyed to the other heirs of said Simeon, in partition as an inheritance from him, said Simeon. This is an attempt to reform a deed executed in September, 1875, which is plain and unambiguous in its terms. The consideration for the tract of land is two thousand dollars, for which the land is conveyed in fee to Joshua T. A. Hawkins and not a word in it indicated that the

conveyance is in trust or limited in any way whatever. In *Hurst v. Hurst*, 7 W. Va. 289, (syl. pt. 2), held, "That parol evidence as to the acts or declarations of the parties, at the time of the execution of the deed, or afterwards, is inadmissible and incompetent in such cases as evidence to enlarge, restrict, explain or alter the intention of the parties, as expressed in the deed, or to vary the legal effect thereof, as clearly maintained by the deed itself." *Lockwood* v. *Holliday*, 16 W. Va. 651; *McGuire* v. *Wright*, 18 W. Va. 507; *Boyer* v. *Martin*, 6 Rand. 624; *Harris* v. *Carson*, 7 Leigh 639; *Watson* v. *Hurt*, 6 Grat. 634; *Crislip* v. *Cain*, 19 W. Va. 438. This deed of lease was made by Isaac N. Hawkins nearly two years before the proceedings taken by the defendant B. F. Hawkins to have the said Isaac adjudged to be insane or *non compos mentis,* and the bill distinctly alleges that at the time of making said lease, December 13, 1895, defendant Isaac N. Hawkins was of sound mind and capable of attending to business. It further alleges that the proceedings for adjudging said Isaac to be of unsound mind were a part of a fraudulent scheme in which Isaac and B. F. Hawkins colluded to cheat and defraud plaintiffs of their rights in the lease they had from Isaac through plaintiff Fluharty. If the allegations of the bill are true, as admitted by the demurrer the plaintiffs would be entitled to relief at the hands of a court of equity of sufficient proof of the allegations of the bill. "If equity has jurisdiction to grant any part of the relief prayed and sufficient matter appear on the face of the bill to authorize such relief, then the circuit court erred in its decree dismissing the bill." *Frank* v. *Brunnemann*, 8 W. Va. 462 (470), and in *Moore* v. *Harper*, 27 W. Va. 362, (syl. pt. 1), "A bill in equity, notwithstanding it contains many vague and irrelevant allegations, will not be held bad on demurrer, if taken as a whole it states facts which entitle plaintiff to relief," which authority is peculiarly applicable to case at bar.

The defendant Isaac N. Hawkins only having a life estate in the thirty acres, by reason of the limitation in the deed of April 17, 1883, from Joshua T. A. Hawkins and others, he is yet entitled to an interest in the oil and gas in the tract of land as life tenant under the leases made by B. F. Hawkins as committee and guardian, of August 20 and December 14, 1897, whenever the property should be developed and operated and the oil

and gas produced, and his deed to Fluharty of June 3, 1896, conveying to him one-half of the one-eighth of the oil and gas reserved to himself in his lease to Fisher Oil Company of December 13, 1895, would be held to convey to Fluharty one-half of any interest he might have therein as life tenant, as the oil would be produced, not exceeding the one-half of one-eighth of the oil and gas, although the lease to Fisher Oil Company was invalid, if he was at the time of making such conveyance of June 3, 1896, of sound mind and competent to make such contract as alleged in the bill. I conclude that the court erred in dismissing the bill on demurrer.

Appellees contend that the court erred in permitting the amended bill to be lodged in the papers; the original bill having been answered; that it was lodged in the papers without notice, that no excuse is set up 'or given in the amended bill why all the matters alleged therein could not have been set up in the original bill, that the amended bill makes an entirely different suit by introducing new matters and new parties, and cite *Piercy* v. *Beckett,* 15 W. Va. 444, where it is held that "amendments can only be granted when the bill is defective in parties, or in prayer for relief, or in the omission of or mistake as to a fact or a circumstance connected with the substance, but not forming the substance itself, or for putting in issue new matter to meet proper allegations in the answer." The amendment in the bill is principally in the prayer that if they fail in securing the one-half of the one-eighth of the oil under the conveyance to Fluharty by Isaac N. Hawkins of June 3, 1896, by reason of the limitation of the estate vested in Isaac by the deed of April 17, 1883, then that they may have the one-half of the interest of said Isaac whatever it may be, and in making new parties, they make no new case by their amended bill. Appellee in his addendum to his brief says: "I contend that while the complainants may argue that they are not bound by the decree of the circuit court of Tyler County (in the proceedings to sell the interest of the insane person and the infants in the oil) it makes no difference, they' and all persons are bound, complainants having no interest in the oil and gas had no rights which we were bound to respect," and cites *South Penn Oil Co.* v. *McIntyre,* 44 W. Va. 296. This is true as far as it concerned alone the interest of the insane person and the infants, but if

plaintiffs had purchased a part of the interest of the insane owner at a time when he was competent to convey it, the decree of the court could not affect such interest so before conveyed, and the committee could only be authorized to sell and convey such interest as was vested in his ward at the time of the proceedings. If it was intended in the proceeding to sell all the interest the insane man ever had, although he may have conveyed a part of it while he was competent to do so, before his insanity, his vendee should be made a party, and if the vendee was not made a party, his interest could not be affected by the decree rendered in such proceeding.

Appellee contends that the court erred in refusing to dissolve the injunction awarded in this cause on May 17, 1898, when the cause was heard on motion to dissolve after due notice of such motion, upon the original bill and answer, with replication thereto, and affidavits in support of said motion and affidavits for plaintiff in opposition thereto, and upon the amended bill lodged in the hands of the court, and cites *Hayslett* v. *McMillen,* 11 W. Va. 464; *Shank* v. *Knight,* 12 W. Va. 667; 42 W. Va. 10; *Cox* v. *Douglass,* 20 W. Va. 175, and *Burosen* v. *Vaughn,* 44 W. Va. 406. In these cases the general rule in equity is laid down, "that an injunction will be dissolved at the hearing of the motion to dissolve it on bill and answer sworn to, if the answer fully, fairly, plainly, distinctly and positively denies the allegations of the bill, on which the injunction was granted, and the material allegations of the bill are not supported by proof other than the affidavit verifying the truth of its allegations." In *Shank* v. *Knight,* cited, it is held in syl. pt. 3: "There are some exceptions to this general rule, but it ought to be followed when great injury would result to the defendant, if the injunction was continued till the hearing and no serious loss would be sustained by the plaintiff if it were dissolved, even if the cause should be decided in his favor." There were several affidavits in support of the allegations of the bill in addition to the verification of the bill, touching the leading point in the case, the soundness of mind of the defendant, Isaac N. Hawkins, at the time of making the contracts set out in the bill. "The presumption of law is that the grantor in a deed was sane and competent to execute it at the time of its execution." *Delaplain* v. *Grubb,* 44 W. Va. 612. This presumption of law is supported by the

bill sworn to and the affidavits of some six of his neighbors who have known him for many years, who testify to the fact that he had always made a living for himself and family, and that he was competent to do his own trading and had done it. Under the circumstances of the case I do not think the court erred in refusing to dissolve the injunction on said motion.

The decree will be reversed, and the cause remanded for further proceedings to be had thereon.

*Reversed.*