# CHARLESTON

SNODGRASS *v.* JOLLIFF.

Submitted January 23, 1906.    Decided March 13, 1906.

1. TAXATION—*Payments.*

   Price conveys a tract of land to Higgins "except one-half the oil and gas royalty, which is one-sixteenth of all oil and gas underlying said tract of land;" Price conveys half of the sixteenth which he so excepted to Jolliff, McNeeley and Ice. Higgins is charged on the land tax book for 1901 with the tract without reduction of valuation for the interest in oil and gas reserved by Price. Price is charged on the land tax book for 1901 with one-sixteenth of the oil and gas. Jolliff, McNeeley and Ice are charged on the land tax book for 1901 with one-sixteenth of the oil and gas. Higgins pays his taxes and Price pays his, but Jolliff, McNeeley and Ice fail to pay their taxes. A sale of the interest of Jolliff, McNeeley and Ice in the oil and gas for taxes will not pass good title, because of the payment of taxes by their co-tenant, Price or Higgins. (p. 295.)

2. SAME—*Payment by Tenant in Common.*

   Payment by a tenant in common of taxes for the common property under an assessment in his name will render a sale of his co-tenant's interest for taxes in his name for the same year void. (p. 295.)

Appeal from Circuit Court, Wetzel County.

Bill by R. E. L. Snodgrass against A. B. Jolliff and others. Decree for plaintiff and defendants appeal.

*Reversed.*

THOS. P. JACOBS, for appellants.

W. G. & E. B. SNODGRASS, for appellee.

BRANNON, JUDGE:

S. J. Price by deed granted a tract of fifty-three acres of land

in Wetzel county to Bramen Higgins "except one-half the
oil and gas royalty, which is one-sixteenth of all the oil and
gas underlying said tract of land." Later Price conveyed to
A. B. Jolliff, G. B. McNeeley and C. H. Ice the one-half of
the oil and gas which had been excepted by Price in his said
conveyance to Higgins, the oil and gas thus conveyed to
Jolliff, McNeeley and Ice by Price being one-thirty-second
of the oil and gas in the tract. Thus Higgins owned one-
sixteenth, Price one-thirty-second, and Jolliff, McNeeley and
Ice a thirty-second of the oil and gas in the tract. Higgins
caused the said tract of land to be entered on the land book
immediately after he received his conveyance, and it was
charged to him for the years 1900 and 1901 at the same valu-
tion at which it was assessed in 1897, 1898 and 1899, without
any reduction of value on account of the exception of the
fraction of oil and gas excepted by Price, and Higgins paid
the taxes on the tract for the years 1900 and 1901. Price
had the sixteenth of the oil and gas in said tract excepted by
him in his conveyance to Higgins entered on the land book
for the years 1900 and 1901, and paid the taxes in his name
for those years. Jolliff, McNeeley and Ice were charged for
the year 1901 with one-sixteenth of the oil and gas in said
tract, though they owned only one-thirty-second. Jolliff,
McNeeley and Ice did not pay their taxes for 1901, and their
interest was sold as one-sixteenth for delinquency and pur-
chased by E. L. Snodgrass, who obtained a tax deed under
such sale, the deed reciting their interest as one-thirty-second,
the interest so sold being the same conveyed to them by
Price as the one-thirty-second royalty. Price was charged
before he conveyed to Higgins at the same valuation per acre
at which the land was assessed to Higgins after he became
owner. Higgins leased the tract for oil and gas production
to the South Penn Oil Company, reserving one-eighth of the
oil produced as a rent or royalty, the parties owning such
royalty, or call it oil, in the fractions above stated. The oil
company bored wells on the land and produced oil. After
the bill of Snodgrass, now to be mentioned, had been filed,
Jolliff, McNeeley and Ice paid Price their proportionate
share of the tax which Price had paid on said royalty inter-
est under the charge in his name. After Snodgrass obtained
his tax deed he filed a bill in chancery to obtain a decree de-

claring his title good to the one-thirty-second interest of Jolliff, McNeeley and Ice under his tax deed, and to cancel their claim to it as a cloud over his title, and to declare that they no longer had any title to said one-thirty-second interest in the oil and gas, and to have an account of the oil produced after his tax deed, and to compel the said oil company thereafter to account to him for the one-thirty-second of the oil produced. Jolliff, McNeeley and Ice filed an answer stating such payment of taxes under said assessment to Higgins and that to Price, and claiming that payment of taxes by Higgins and by Price was payment for the interest of Jolliff, McNeeley and Ice, and claiming that as the assessor did not divide the value by charging the surface less the value of said mineral interest to Higgins and the oil and gas to Price and them, persuant to section 25, chapter 29, Code of 1899, the assessment to Jolliff, McNeeley and Ice was void, and the tax sale void. The case resulted in a decree holding the tax title of Snodgrass good to pass to him the title of Jolliff, McNeeley and Ice, and granting him the relief prayed for. Jolliff, McNeeley and Ice appeal from that decree.

It is claimed that the conveyance by Price to Jolliff, McNeeley and Ice vested in them a separate and several ownership in the oil and gas, and that the share of the oil and gas, so acquired by Jolliff, McNeeley and Ice, was properly charged on the land book to them separately from the surface, under section 25, chapter 29, Code 1899, and that a sale of their interest for taxes passed good title to Snodgrass. On the other hand, for Jolliff, McNeeley and Ice it is claimed that the Code section cited does not authorize the charge of a *fractional* interest in the oil and gas, but only requires such separate entry where one owner owns *all* the oil and gas, or other mineral, separate from the surface, and that the assessment to Jolliff, McNeeley and Ice of their fractional interest was illegal and a sale under it passed no title, as held in *Cunningham* v. *Brown*, 39 W. Va. 588. The argument is that the statute demands a division, by separate values, of surface from minerals, and that there was no divison by subtraction from the former total value of the tract, as it was before Price conveyed to Higgins, of the mineral value, and that the statute was not followed, and the assessment to Jolliff, McNeeley and Ice was void. We do not pass on these

contentions. If it be true that a fractional interest in minerals cannot be taxed to its owner separately from the surface, then the charge of the whole tract to Higgins at the unchanged surface value, without diminution by reason of the subtraction of the value of the one-sixteenth of the oil and gas retained by Price, would pay taxes on the whole, that is, the surface and all the oil and gas under it. *State* v. *Low*, 46 W. Va. 451. On the other hand, if such fractional interest is under the Code separately chargeable, then the charge of the whole one-sixteenth of the oil and gas to Price, covering his half of the one-sixteenth and the half conveyed by him to Jolliff, McNeeley and Ice, would answer for the ownership of Price, Jolliff, McNeeley and Ice, and payment by Price under the assessment in his name would pay also the taxes for Jolliff, McNeeley and Ice, because they and Price were co-tenants, and payment by one co-tenant of taxes on the common land pays for all the co-tenants. 17 Am. & Eng. Ency. L. (2 Ed.) 686; *Parker* v. *Brast*, 45 W. Va. 399. So would payment by Higgins, also a co-tenant. If two persons own a tract of land jointly and it is charged in the name of each one separately, would not payment for the whole tract by one of the owners under the charge of the tract in his name defeat a tax sale of the land in the name of the other owner? The case of *Bailey* v. *McClaugherty*, 48 W. Va. 546, is urged upon us to sustain the tax deed. It holds that where one person conveys a tract of land to another, and it remains on tax book in the name of the former owner, who pays the tax, and is also charged to the grantee, who fails to pay his tax, a sale in the grantee's name for taxes passes good title, notwithstanding payment by such former owner. That is not just this case. It is materially different. In that case the grantor and grantee were not co-tenants; whereas in this case, Price, Jolliff, McNeeley and Ice were co-tenants. In the *Bailey case* the sale was in the name of the only true owner. Were not taxes paid by both Higgins and Price— double taxes on the contested share?

Our conclusion is to reverse the decree of the circuit court, cancel the tax deed, and dismiss the plaintiff's bill without relief to him.

*Reversed.*