## CHARLESTON.

RICHARD LOWNDES REYNOLDS *et al. v.* MARIETTA P. GORE *et al.*

### (Nos. 5529, 5532)

Submitted May 18, 1926.   Decided November 30, 1926.

DEED—*A., Being Owner of Life Estate in Land With Contingent
Remainder to Heirs of Her Body, Granted Fee Simple to
Mrs. G. Thereafter by Deed Reciting Source and Character
of His Title, R., Son of A., Conveyed His Contingent In-
terest to Mrs. G. for Purpose of Perfecting in Her Title to
Property. After Accepting Conveyance of Other Property
From A., In Consideration of His Deed to Mrs. G., Unex-
plained Delay of Thirty Years in Asserting Any Rights
Inconsistent Therewith, R. Seeks Cancellation of Deed to
Mrs. G. on Ground He Had Executed in Ignorance of
Rights and Without Consideration.*

A., being the owner of a life estate in land with contingent
remainder to the heirs of her body, granted the fee simple
to Mrs. G.   Thereafter by deed reciting the source and char-
acter of his title, R., a son of A., conveyed his contingent in-
terest to Mrs. G. for the purpose of perfecting in her title to
the property.   After accepting a conveyance of other property
from A., in consideration of his deed to Mrs. G., and an unex-
plained delay of thirty years in asserting any rights incon-
sistent therewith, R. seeks the cancellation of his deed to
Mrs. G. on the ground that he had executed it in ignorance
of his rights and without consideration.   Relief denied.

Appeal from Circuit Court, Harrison County.

Richard Lowndes Reynolds and others appellants against
Marietta P. Gore and others appellees.   Decree for appellants,
appellees appeal.

*Affirmed in part; reversed in part.*

*E. G. Smith,* for appellees.

*R. S. Douglass, Hoffheimer & Templeman, Steptoe & John-
son,* and *James M. Guiher,* for appellants.

LITZ, PRESIDENT:

By deed dated December 16, 1857, Truman Gore and wife
conveyed to their daughter, Alice J. Gore, a tract of 166 acres
of land in Harrison County, to have and to hold "In her own

right free from the use or control of her husband, should she ever marry, and at her death the said land is to pass to the heirs of her body, should she have any, if she should not, then the same is to pass to her brothers and sisters and their heirs''. The conveyance also provides: ''It is hereby fully understood that this deed is not to take effect until after the death of said Truman Gore, yet the said Alice J. Gore is to have the privilege of making any improvements on said lands that she may wish to make, provided the same is done at her own expense and in such manner as shall not interfere with the general farming operations of said Truman Gore during his life''.

Alice J. Gore having thereafter intermarried with Alloytus L. Reynolds, she and her said husband, by deed of May 1, 1875, in consideration of $2800.00, conveyed to Marietta P. Gore, with covenants of general warranty of title, a portion of the 166 acre tract containing 56 acres. These grantors, by another deed of the same date, conveyed to Truman Gore, Trustee, a neighboring tract of land containing 75 acres, in trust to secure and indemnify said Marietta P. Gore against any and all loss she might sustain in the event of a failure of title to the 56 acres of land.

By deed dated April 13, 1892, Clara R. Allen (one of the four children of Alice J. Reynolds) and her husband, Boyd M. Allen, conveyed to Marietta P. Gore all of their right, title and interest in and to the said 56 acre tract. By deed dated June 9, 1892, for certain considerations therein mentioned, Marietta P. Gore and Solomon Gore, her husband, and Truman Gore, Trustee, released to Alice J. Reynolds the coal underlying the 75 acre tract. By deed dated June 10, 1892, in consideration of $7065.40, Marietta P. Gore and husband conveyed, with covenants of general warranty of title, to Commercial Coal & Coke Company all the coal underlying a parcel of land containing 522.56 acres, including the said 56 acre tract.

Warren W. Reynolds (a son of Alice J. Reynolds) the day after his majority conveyed to Marietta P. Gore all his right, title and interest in and to the said 56 acres of land. His conveyance, bearing date February 15, 1893, recites, as a consideration for the grant:

"Whereas, Truman Gore by deed dated December 16, 1857, of record in the County Court Clerk's Office of Harrison County, West Virginia, in deed Book 42, page 385, conveyed to his daughter Alice J. Gore, now the wife of Alloytus L. Reynolds, and the mother of said Warren W. Reynolds, a certain tract or parcel of land therein described containing, as stated in said deed, 166 acres more or less, situate in Harrison County, West Virginia, on Crooked run; and,

"Whereas, said deed provided that in case said Alice J. Reynolds should die leaving children surviving her, said land should be and become the property of such children; and,

"Whereas, the said Alice J. Gore, now Alice J. Reynolds, and the said Alloytus L. Reynolds, her husband, did on the 1st day of May, 1875, by deed of record in said office in Deed Book 58, page 177, convey unto said Marietta P. Gore 56 acres, more or less, of said tract as described in said lease deed, by metes and bounds; and,

"Whereas, said Warren W. Reynolds desires to perfect the title of said Marietta P. Gore to said 56 acres, more or less, in so far as the interest of said Warren W. Reynolds in the same as one of the children of said Alice J." Etc.

By deed dated February 15, 1893, Alice J. Reynolds and husband conveyed all the coal underlying a parcel of 97.43 acres of land, including the 75 acre tract, to the Commercial Coal & Coke Company, with covenants of general warranty of title. By written contract dated May 5, 1905, Marietta P. Gore and husband leased for oil and gas purposes to Cecil B. Hiland 525 acres of land, embracing the 56 acre tract. This lease, under the ownership of the Clarksburg Light & Heat Company, remains in force and effect.

By deed dated July 6, 1910, and recorded July 18, 1910, Alice J. Reynolds, living separate and apart from her husband, conveyed the 75 acres to Warren W. Reynolds and Clara R. Allen, subject to the lien of the deed of trust to Truman Gore, Trustee, and a life estate to the grantor. The deed provides:

"In the event the said Warren W. Reynolds should not be living at the decease of the party of the first part (Alice J. Reynolds), or have no issue living at her decease, the said Clara R. Allen shall settle and adjust with the party or parties who may hold or who may be entitled to the benefit of said deed of trust the amount payable thereunder, and shall be entitled to take the excess or whatever may remain in said land."

The conveyance also states:

"And whereas Richard L. Reynolds and Ralph T. Reynolds, two of the children of the party of the first part, still retain their contingent interest in the fifty-six acres of land referred to in said deed of trust of May 1st, 1875, lying upon Crooked run, a drain of said West Fork River, and whereas the parties of the second part, who are also children of the party of the first part, have heretofore conveyed their contingent interest in said fifty-six acres of land, it is intended by this conveyance to compensate the parties of the second part for the interest they conveyed in the said fifty-six acres of land and to equalize them with the said Richard L. Reynolds and Ralph T. Reynolds, but in the event that said Richard L. Reynolds and Ralph T. Reynolds should, in any manner or from any cause other than by their death be deprived of their interest in said fifty-six acres of land, then they shall share equally with the parties of the second part in the land hereby granted."

Alice J. Reynolds died May 25, 1923. This suit was instituted July 21, 1923, by Richard Lowndes Reynolds and Ralph T. Reynolds, children of said Clara R. Allen, then deceased, against Marietta P. Gore, Warren W. Reynolds, Commercial Coal & Coke Company, Clarksburg Light & Heat Company, Howard M. Gore, Truman Gore, Claude W. Gore and William Ferdinand Gore, for the purpose of partitioning the 56 acre tract, of which the plaintiffs assert ownership to three-fourths undivided interest therein.

The record presents two questions: (1) Whether the deed from Truman Gore and wife to Alice J. Gore, dated December

16, 1857, conveying the 166 acres of land should be construed as vesting in her an estate in fee simple, or a life interest with contingent remainder "to the heirs of her body." (2) Whether the deed of February 15, 1893, from Warren W. Reynolds to Marietta P. Gore should be cancelled upon his cross-bill filed in the cause for alleged fraud and inadequacy of consideration.

The circuit court having held that the deed of December 16, 1857, from Truman Gore to Alice J. Gore conveyed to her a life estate with contingent remainder to the heirs of her body, and that the deed of February 15, 1893, from Warren W. Reynolds to Marietta P. Gore should be cancelled, the defendants, other than Warren W. Reynolds, have appealed.

The decision of the lower court on the first question is plainly right, and under the authority of *Rust* v. *Commercial Coal & Coke Company,* 92 W. Va. 457, involving a similar conveyance, must be affirmed. But we cannot agree with the conclusion of the court on the second question, which, according to a written opinion made a part of the record, is based upon the theory that the deed was made by Warren W. Reynolds in ignorance of his rights and without consideration.

The instrument was executed for the purpose of perfecting title to the property theretofore conveyed by the parents of Warren W. Reynolds to Marietta P. Gore. Having attained his majority, he was perfectly competent to make this conveyance without direct consideration to himself, for the benefit of his parents, who had executed the deed of trust on another piece of property to make good their conveyance to Mrs. Gore. There is not any basis for the claim that Warren W. Reynolds made the conveyance in ignorance of his rights, for the very simple reason that the deed itself plainly states all the facts affecting his interest and the purpose of the conveyance. The evidence shows that he was probably above the average in capacity, had been in business away from home two years or more prior to the making of the deed, and was at the time a student in the University of West Virginia.

· He does not offer any valid reason or excuse for his long delay and apparent acquiescence. ·Taking into account the fact that the basis of his claim is repudiated by the recitals in the deed, and considering further the unexplained delay of more than thirty years in the assertion of any rights inconsistent with the grant, coupled with the presumed acceptance of the conveyance to him from his mother, dated July 2, 1910, in recognition of the validity of the deed in question, we are clearly of opinion to ·reverse the ruling of the circuit court cancelling said deed.

When lapse of time is sufficient to raise the presumption of assent, acquiescence, or waiver on the part of a litigant or those under whom he claims, he cannot recover without rebutting such presumption by satisfactory excuse, not founded on his own laches or neglect, for the delay in asserting his rights. *Bryant* v. *Groves,* 42 W. Va. 10, 24 S. E. 605.

''When a party with full knowledge, or at least with sufficient notice or means of knowledge, of his rights, and of all the material facts, freely does what amounts to a recognition of the transaction as existing, or acts in a manner inconsistent with its repudiation, or lies by for a considerable time and knowingly permits the other party to deal with the subject matter under the belief that the transaction has been recognized, *or freely abstains for a considerable length of time from impeaching it, so that the other party is thereby reasonably induced to suppose that it is recognized,* there is acquiescence, and the transaction, although originally impeachable, becomes unimpeachable in equity.'' 2 Pomeroy's Eq. Juris. 4th ed., Sec. 965.

''A defense peculiar to courts of equity is that founded upon the mere lapse of time and the staleness of the claim in cases where no statute of limitations directly governs the case. In such cases courts of equity act sometimes by analogy to the law, and sometimes act upon their own inherent doctrine of discouraging for the peace of society antiquated demands by refusing to interfere where there has been gross laches in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights.'' 3 Story's Eq. Juris., 14th ed., p. 553.

Delay in the assertion of a right, unless satisfactorily explained, operates in equity as evidence of assent, acquiescence, or waiver. *Mullan's Admr.* v. *Carper,* 37 W. Va. 215, 16 S. E. 527. "The rule is well settled, 'equity aids the vigilant, not those who slumber on their rights'. The party must come with reasonable promptness, for equity always refuses relief to stale demands. The defense is peculiar to courts of equity and applies, although no statute of limitations governs the case, and is based, among other things, upon considerations that the delay has or may have been prejudicial, by reason of the difficulty of proving the facts, or by reason of the intervention of equities in favor of innocent persons, or, if allowed, because it may unsettle rights and titles, and prevent improvements. In other words, like the statute of limitations, it comprehends the doctrine of quiet and repose." *Idem.*

We therefore reverse the decree of the circuit court, in so far as it cancels the deed of February 15, 1893, and dismiss the answer of the defendant Warren W. Reynolds in nature of a cross-bill. The decree in all other respects will be affirmed.

*Affirmed in part; reversed in part.*