Mr. Justice GRIER.
 

 When one person has got the estate of another, he ought not, in conscience, to be allowed to keep it without paying thé consideration. It is on this principle that Courts of Equity proceed as between vendor and vendee. The purchase money is treated as a lien on the land sold, where the vendor has taken no separate security. In the present case this lien has not been defeated by alienation to a
 
 bona fide
 
 purchaser, or any subsequent lien of creditors. The issue taken in the answer concerning the respondents’ ability to pay out of her separate estate is wholly immaterial except to give probability to the allegation that she had paid the consideration. The only, defense taken in the answer to the claim of the bill is an alleged leceipt in full or discharge for the purchase money.
 

 The deed does not acknowledge the payment of the consideration, and the answer admits that no consideration was paid at the time of its delivery. The issue between the parties turned wholly on the genuineness of a receipt or discharge purporting to have been executed and delivered by Elizabeth Braiden on the 12th of September, 1856. The Court ordered an issue to try this question at law, and the jury found
 
 “
 
 That Elizabeth Braiden did not execute and deliver said receipt or discharge, and that it was not the genuine receipt of said Elizabeth Braiden.” The Court, in the exercise of their discretion, refused to grant a new trial of this issue. As it appears to us that the evidence justified the verdict, we see-no error in'the decree cf the Court. It did not condemn the defendant to pay the consideration out of her separate estate, but orders the houses to be sold to pay the purchase money, unless before a certain time the defendant shall pay the amount due.
 

 
 *461
 
 Neither the answer of the party, nor the argument of counsel, allege any good reason, why a married woman should be permitted to take property without paying for it, more than another. The disabilities thrown round her by the law, are for her protection — not to enable her to commit fraud.
 

 Decree affirmed, with costs.-