JOSIAH KENT, Administrator, *vs.* GEORGE M. GERHARD *et ux.*

A married woman bought certain realty of K., and in part payment gave her sole note secured by her sole mortgage. The note not being paid and the record title to the realty remaining in her name unincumbered, K. filed a bill in equity against her and her husband to establish his vendor's lien for the purchase-money on the realty in question: *Held*, that he was entitled to the relief claimed.

BILL IN EQUITY to establish a vendor's lien on realty.

The bill charges that the complainant's intestate, Olney Kent, August 8, 1872, sold and conveyed a certain lot in East Providence to Catharine Gerhard, wife of George M. Gerhard, the terms of sale being $200 cash, the balance, $4,600, to be paid in three years, with interest at seven per cent., and to be secured by a mortgage of the realty sold to her. On the same day Catharine Gerhard, describing herself as the wife of George M. Gerhard, mortgaged the realty to Olney Kent, to secure a note made

to him by her in accordance with the agreement of sale. This note and mortgage were the sole acts of Catharine Gerhard, her husband joining in neither of them.

The note being overdue and unpaid, Olney Kent being dead, and the record title to the realty remaining unincumbered in the name of Catharine Gerhard, Josiah Kent, administrator of Olney Kent, brought this bill against George M. Gerhard and wife, to establish a vendor's lien on the realty for the unpaid purchase-money and interest thereon, and prayed that an account might be taken of the amount due and that the respondents might be enjoined from alienating or incumbering the realty.

The respondents demurred to the bill.

*March* 9, 1878.   POTTER, J.   In this case the complainant claims a lien on the property sold by the deceased for the unpaid purchase-money, and which lien it is alleged has not been waived nor released.

The vendor's lien for unpaid purchase-money is established in our mother country and in many of our States as a part of their equity system, and may well be considered as introduced with that system here, unless there is something in our laws and usages inconsistent with it.

The vendor's lien is enforced against the vendee himself and his heirs, against his widow, against a voluntary conveyance, and against a purchaser for value with notice, but not against a *bonâ fide* purchaser for value without notice.

As to conveyances to or attachments by creditors for antecedent debts, the decisions in this country are conflicting. Undoubtedly a person advancing money on mortgage, for an entirely new consideration without notice, ought to be and would be protected as a *bonâ fide* purchaser. If the vendor had taken a mortgage and neglected to record it, a subsequent purchaser without notice would be preferred to the vendor. And we think that the weight of reason and authority is in favor of this conclusion.

It has always been the policy of our laws to encourage registration and publicity of conveyances, in order to guard against fraud. Secret conveyances and attachments are here discouraged.

With the limitations which we have stated guarding the doctrine, there would be nothing in it inconsistent with our ancient policy, or which would lead to any conflict with it.

The remarks of Marshall, C. J., in *Bayley* v. *Greenleaf*, 7 Wheat. 46, 57, are very sensible : " The lien of the vendor, if in the nature of a trust, is a secret trust ; and although to be preferred to any other subsequent equal equity unconnected with a legal advantage or equitable ·advantage which gives a superior claim to the legal estate, will be postponed to a subsequent equity connected with such advantage."

In the present case the deed was made to a married woman, who made a mortgage back signed by herself alone without her husband. This pretended mortgage is nothing more than waste paper. The vendor has not had the consideration agreed on and for which the land was sold. No other rights have intervened, which, under the rule given by Marshall, C. J., should have preference, and we think the complainant is entitled to relief.

It is contended by the counsel for the respondents that such a claim cannot be enforced against a married woman ; but he refers to no authority in point, and see *Chilton* v. *Braiden's Adm'r*, 2 Black, 458.

The lien does not stand on the ground of contract, but on the ground of an equity of the vendor, to be enforced against the vendee and all persons claiming under him, except in the cases we have mentioned.

And the formal acknowledgment of the receipt of the consideration in a deed under seal is of no avail if the money was not actually paid. Equity will look at the real facts in the transaction, although a court of law might in some cases be precluded from doing so. Sugden Vend. & Pur. cap. 18, sect. 2, § 17 ; 2 Story Eq. Jur. § 1225.                              *Demurrer overruled.*

*B. N. & S. S. Lapham*, for complainant.
*James Tillinghast*, for respondents.

NOTE.— Compare the *dicta* of the court in *Perry* v. *Grant*, 10 R. I. 334–338.