In re LANE LUMBER CO., Limited.

BOYD v. WALL.

(Circuit Court of Appeals, Ninth Circuit. August 17, 1914.)

No. 2363.

1. BANKRUPTCY (§ 188*)—VALIDITY OF LIENS—STATUTORY VENDOR'S LIEN.
   Under Rev. Codes Idaho, §§ 3441, 3443, which give a vendor a lien on real property sold "valid against every one claiming under the debtor except a purchaser or incumbrancer in good faith and for value," such a lien is valid as against the trustee in bankruptcy of the purchaser.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

2. BANKRUPTCY (§ 188*)—VALIDITY OF LIENS—POWER OF TRUSTEE TO CONTEST.
   The purpose of the amendment of Bankr. Act, § 47a (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), by providing that as to all property coming into the custody of the bankruptcy court the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, was to confer on the trustee the power to contest the sufficiency of any claimed lien, pledge, or security that a lien creditor or judgment creditor might challenge had bankruptcy not intervened, but it does not prescribe any rule by which the validity or priority of such liens is to be determined, and a lien which is valid under the state law as against the claims of such creditors is valid under the bankruptcy law against a trustee since the amendment as well as before.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

3. BANKRUPTCY (§ 189*)—LIENS—FAILURE TO RECORD.
   Bankr. Act July 1, 1898, § 67a, c. 541, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), which provides that claims which for want of record or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for other reasons would not have been valid liens as against the claims of creditors of the bankrupt shall not be liens against his estate, applies only to such liens as are required by the state law to be recorded.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291–295; Dec. Dig. § 189.*]

4. BANKRUPTCY (§ 188*)—VENDOR'S LIEN—VALIDITY.

The fact that a vendor of land to a corporation was its secretary, and that he did not assert his right to a vendor's lien until after its bankruptcy, in the absence of evidence of fraud, *held* not to invalidate his lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

Appeal from the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

In the matter of the Lane Lumber Company, Limited, bankrupt. Appeal by Samuel L. Boyd, trustee, from an order (210 Fed. 82), allowing the claim of M. K. Wall to a vendor's lien. Affirmed.

See, also, 217 Fed. 546, 555, 133 C. C. A. 398, 407.

E. N. La Veine, of Cœur d'Alene, Idaho, for appellant.

John H. Wourms, of Wallace, Idaho, amicus curiæ.

Frank Langley, of Cœur d'Alene, Idaho, for appellee.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. On petition for review the court below affirmed the ruling of the referee allowing the claim of the appellee M. K. Wall against the estate and holding him entitled to a vendor' lien upon specific real estate in the hands of the trustee, and the latter appeals from the judgment, the question being whether the lien of the claimant prevails over the rights of the general creditors in the property.

[1] The material facts upon which the judgment rests, as found by the district judge, are that the land held subject to the lien was sold and conveyed by the claimant to the corporation bankrupt on March 6, 1911, at an agreed consideration of $5,000, the amount of the claim allowed, which remained at the date of allowance wholly unpaid and unsecured otherwise than by the personal obligation of the purchaser; that subsequently, on July 11, 1911, the corporation was adjudged an involuntary bankrupt and the appellant duly qualified as trustee; that the title to the property of the bankrupt, including the land declared subject to the lien, passed to the trustee on September 26, 1911; that claimant's proof of debt as a secured claim was duly filed on June 19, 1912, and, objection being made thereto by the trustee, the matter was heard by the referee, resulting in the order allowing the claim as valid and secured by a vendor's lien on the land sold. Upon these facts the court concluded as matter of law:

"That the referee's order complained of by the trustee should be affirmed and said vendor's lien decreed on the property described therein under sections 3441 and 3443, I. R. C., and under the Bankruptcy Act of 1898 and amendments."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The sections of the Idaho Revised Codes referred to in the court's conclusion are these: ·

"Sec. 3441. One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

. "Sec. 3443. The liens of vendors and purchasers of real property are valid against every one claiming under the debtor, except a purchaser or incumbrancer in good faith and for value."

·· [2] That the federal courts in bankruptcy will recognize and give effect to a vendors' lien provided for by the statutes of the state, in the absence of some act of the vendor or claimant inconsistent with the purpose of claiming a lien or with its continued existence, is well settled. "Such a lien is one which appeals strongly to the favorable consideration of a court of equity." Slide & Spur Gold Mines v. Seymour, 153 U. S. 509, 14 Sup. Ct. 842, 38 L. Ed. 802; Chilton v. Lyons, 67 U. S. (2 Black) 458, 17 L. Ed. 304; Sturdivant Bank v. Schade, 195 Fed. 188, 115 C. C. A. 140. This is conceded by appellant to be the law unless found to be inconsistent with a recent amendment to the Bankruptcy Act, but his contention is that. such effect is to be deduced from the language of section 47a of that act, as amended in 1910, which provides that the trustee—

"as to all property in the custody or coming into the custody of the Bankruptcy Court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

It is claimed that the effect of this amendment is to vest in the trustee, as against all secret or unrecorded liens such as that involved, a title and equity in the property, for the benefit of the creditors of the bankrupt, superior in character to that of the lien of the vendor in all instances where the latter has failed to disclose his claim of lien by some appropriate proceeding to enforce it prior to the vesting of the property of the estate in the hands of the trustee. But we think that this contention involves a misconception of the purpose and effect of the amendment in question. Prior to its adoption the trustee was without power to question the validity of an asserted lien upon the property of the estate, however defective, if the defect were one which could not have been availed of by the bankrupt, the trustee being vested with no higher right as to the property than that possessed by the bankrupt at the time of the devolution of the title upon the trustee. York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and cases there cited. The amendment was obviously designed to cure what was deemed a defect in this regard, and to confer the power upon the trustee, in the interest of the general creditors, to contest the sufficiency of any claimed lien, pledge, or security that "a lien creditor or a judgment creditor might challenge had bankruptcy not intervened." Loveland on Bankruptcy (4th Ed.) § 372. There is nothing in the amendment indicating that its purpose was to prescribe a rule by which the validity or priority of ·such liens is to be determined or enforced. In that respect the law is left untouched, and the validity and rank of the lien is now to be ascertained by the same applicable principles as obtained prior to the

change; and "a lien which is valid under the state law as against the claims of such creditors, is valid under the bankrupt law as against a trustee since the amendment as well as before it." Id. The amendment, in other words, was designed only to clothe the trustee with the right to question the validity of any lien claimed against the property of the estate which may be defective under the law creating it, notwithstanding the bankrupt might have been estopped to do so. Pacific State Bank v. Coates, 205 Fed. 618, 123 C. C. A. 634, Ann. Cas. 1913E, 846. It goes no further. It does not affect the character of the trustee's title as such. That is defined in section 70 of the act, which clothes the trustee only "with the title of the bankrupt as of the date he was adjudged a bankrupt."

[3] The question, therefore, is, Was the lien of the claimant for any reason defective under the law of the state as against "a creditor holding a lien by legal or equitable proceedings thereon"? If it was, then the trustee may question it; otherwise not. The Bankruptcy Act (section 67a) provides that:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

But this does not mean, as appellant apparently assumes, that no lien may be maintained against an estate unless or until it has been recorded. Section 67d expressly provides that:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon the act, and for a present consideration, and which have been recorded according to law, *if record thereof was necessary* in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

The present lien was clearly not invalidated for want of record, since, as we have seen, the statute of the state is wholly silent as to any such requirement. Nor is there any provision requiring suit to be brought within any given time to enforce it. As suggested by the court below, an action to foreclose is not material to its validity; "the lien is established by operation of law and is quite as complete before as after the institution of proceedings to foreclose it."

[4] Was the lien invalidated from any other reason? While good faith in the inception of the appellee's claim is not, as in the court below, conceded here, no specific contention is advanced that there was any actual fraud in the transaction, but, based upon certain facts which the judge included in his findings at the appellant's request, the appellant now makes a somewhat general and indefinite contention that it would be inequitable to allow claimant's lien to prevail over the general creditors, and that he should be held estopped to assert its priority. These facts are, in substance, that "the claimant was secretary of the bankrupt with full knowledge of the embarrassed financial condition of the bankrupt at the time of said transfer," which was not ratified by the directors; that "as an officer of the bankrupt" he permitted the land in question to remain on the records as unincumbered; that the trustee had no notice of the vendor's lien until it was filed with the referee; and that the appraised value of the

land is but $ 919. Appellant urges in his brief that "it is very apparent from the vendor lien claims pending against this estate" that the claimant, "on behalf of the bankrupt, was extremely active and zealous in obtaining titles to tracts of land by making small payments thereon and not protecting the vendors by collateral security. He knew the financial condition of the company. It must have been his ambition to make millions. He knew when he transferred his land to the bankrupt that the credit world had a right to and would assume that he had been paid in full for his land. His very relation with the company and to its creditors, on account of the fraud worked upon them, should estop him from claiming his vendor's lien and defeat his right thereto." Some of these suggestions find no basis in anything appearing in the record, the evidence not being returned, and must therefore be ignored, but so far as they are based upon the findings there is nothing to induce the conclusion that the court below was in error in treating the facts just stated as wholly immaterial in determining the validity of the lien. None of them are of a nature necessarily tending to show fraud in the transaction, either actual or constructive, nor to estop the claimant from invoking his lien. That the land was sold to the corporation "for a present consideration" is not questioned, and the mere disparity between the contract price and the present appraised value is something which might arise from many causes not involving bad faith, and hence, standing alone, has no tendency to show fraud. Nor did the fact that the claimant was an officer of the bankrupt corporation preclude him from dealing with it in a proper case, and there is no showing that this was not such an instance. The other considerations based upon the facts found are equally without merit.

The further contention that the claimant was guilty of culpable laches in not earlier asserting his lien is not only answered by what has already been said as to the law, but is concluded by the express finding of the court that claimant "was not guilty of laches for waiting until after filing of the petition in bankruptcy before attempting to assert his vendor's lien."

Our conclusion is that the judgment of the court below was right, and that the lien allowed must prevail over the rights of the general creditors. A creditor "holding a lien by legal or equitable proceedings" is not "a purchaser or incumbrancer in good faith and for value" (Pacific State Bank v. Coates, supra; Pomeroy's Equity Jurisprudence [3d Ed.] § 721), and under the terms of the Idaho statute the lien there given must give way only as to one of the latter class.

The judgment is affirmed.