Sophia M. Lukaszewski *et al. vs.* Anna C. Walmsley. *et al.*

APRIL 29, 1955.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity to set aside a deed of real estate and to obtain the proceeds of an insurance policy on the life of the grantor. It was heard in the superior court on amended bill, answer and proof, and thereafter a decree was entered granting certain of the relief sought and otherwise denying and dismissing the bill of complaint. The cause is here on complainants' appeal from such decree.

The complainants are a daughter and two sons of Catherine M. Borecki, the grantor in said deed and now deceased. The respondents are another daughter, her husband, and the Metropolitan Life Insurance Company. The deed was executed in Poland on August 10, 1951 by said Catherine M.

Borecki and conveyed certain real estate located on Gooding street in the city of Pawtucket to her daughter, respondent Anna C. Walmsley.

The complainants allege that such conveyance was made without consideration, was obtained by means of undue influence exercised by Anna upon her mother, and that said respondent obtained such conveyance with the under-' standing that she would hold the real estate for the benefit of herself and the complainants herein. It further sought from the respondent insurance company the proceeds of a certain policy on the life of said Catherine M. Borecki. The bill alleges that the premiums on said policy had been paid over a period of approximately fourteen years by complainant Sophia M. Lukaszewski. It also alleges that while the mother resided in Poland she wrote to complainants many times telling them that the property should be considered as theirs, and that in reliance upon such representations they spent large sums of money for its improvement. The bill contains three principal prayers: first, that the conveyance of the mother to respondent Anna C. Walmsley be set aside; second, that although legal title to the real estate had been taken in her name she should be declared to hold the title thereto under a trust in favor of herself and complainants; and third, that an accounting be had to prevent unjust enrichment.

In support of the above allegations complainant Sophia M. Lukaszewski testified as to several statements by her mother to the effect that if anything happened to her the property would go to the children; that they should keep the house in repair; and that in so doing they were working for themselves and not for her. She further testified that she had spent about $1,000 in keeping the premises in repair and had paid about $216 in premiums on the policy involved herein.

Her brother John L. Maziarz, another complainant, testified that he was in a Civilian Conservation Corps camp when his mother left for Poland in 1938; that she always told

him to work on the property and keep in it good shape; and that he made certain repairs and improvements on the premises at various times and spent about one thousand hours doing such work.

The respondent Anna C. Walmsley testified that she was the oldest child and could read and write Polish as well as speak it, which the other children could not do; that her mother confided in her and often discussed the property with her; that in 1949 or 1950, at her mother's request, she sent to the latter a deed of the Gooding street property which had been prepared by a Pawtucket attorney; and that this deed was executed before an official in Poland and returned to her by her mother.

Anna further testified that her mother and stepfather were held for some time in a concentration camp in Poland, but that she kept in constant touch with her mother by letter and supplied many of their needs; that she sent silver, food, clothing, shoes, medicines, linen, blankets, and many other articles needed or requested by her mother; and that she had expended about $5,000 for her benefit. In support of the latter claim she presented several bank books showing withdrawals at various times amounting in the aggregate to $2,504.05, which she claimed had been spent for her mother's benefit together with other sums not represented by such withdrawals. She denied that she had ever tried to exert any influence, and asserted in effect that the mother's attitude toward her sister and brothers was due largely to the fact that they did little to help her or her husband while they were in dire need in Poland. She testified that she had agreed with her mother to take care of her and her husband as long as they lived; that she was still taking care of the stepfather; that she had paid the mother's funeral expenses; and that she had erected a monument in her memory.

Both complainant Sophia M. Lukaszewski and respondent Anna C. Walmsley presented certain letters from their mother in support of their respective claims. The letters were sent from Poland, were written in the Polish language,

and were for the most part undated. In our opinion these letters, translations of which were presented in evidence, showed the feelings of the mother toward her children and were explanatory of her execution and delivery of the deed to the respondent Anna C. Walmsley.

In one of these letters to complainant Sophia she wrote: "For all the years you did not pay rent, you do not buy me anything decent. * * * I am letting you know that I received a letter from *strangers* telling me that you are pestering her [Anna] and that she is crying." (italics ours) In another letter to Sophia the mother wrote: "Sophie, I wish to notify you that I gave the house and garage to Anna, as her possession, or property. You, if you wish, can sit quiet and pay rent to Anna. * * * I don't think I done you any harm. You were living in the house over 12 years, and you were not sending me very much."

In a letter to Anna the mother wrote: "Zofie sent a letter and a picture of the house and grounds. In the window was a card, 'For Sale.' I wrote her that you can do as you please with the house since I sent you papers thru the Foreign Bank Commission and you have their permission." Another letter to Anna dated December 1950 stated: "I wrote to Zofie and told her that she has nothing to say since she didn't work for this house."

The final decree made certain findings of fact as follows: That the deed in question was not obtained by undue influence; that the transfer of the real estate was prompted by the will and desire of the grantor; that respondent Anna C. Walmsley does not hold the real estate as trustee for the heirs of the grantor; and that she holds both the legal and equitable title by virtue of an outright grant. It further provides that complainant Sophia M. Lukaszewski is entitled to $216 from the proceeds of the insurance policy involved herein and that respondent Anna is entitled to the balance thereof.

The complainants first contend that where the relationship of parent and child exists, as here, the utmost of good

faith must be shown by the beneficiary, in order to support a gift of money or anything of value obtained from the one who has reposed the trust and confidence. They argue further that, where real estate is transferred to a person standing in a confidential relation to the grantor, the burden is upon him to show affirmatively that the grantor acted with full knowledge and independently of the pressure of the relation. Counsel for respondents concede the correctness of these principles of law, and it is apparent from a reading of the rescript of the trial justice that he applied such principles specifically to the evidence. We find no error here.

With reference to the allegation of undue influence, the trial justice stated that he was "of the opinion after a careful consideration of all of the evidence that it does not appear that the transfer of the property to Mrs. Walmsley was due to undue influence exerted upon the mother." From a careful examination of the transcript and exhibits we cannot say that the decision of the trial justice was clearly wrong.

The complainants further contend that by the conveyance to the respondent Anna C. Walmsley a trust of the real estate was established in favor of the complainants and respondents herein. It is settled that evidence to establish such a trust must be clear and convincing. No such evidence has been presented here. On the contrary the great weight thereof supports respondents' claim that the conveyance in question was intended to be absolute and that no resulting or constructive trust arose therefrom. We are of the opinion that the evidence does not support complainants' claim of unjust enrichment and that in any event they have not proven a right to an accounting from these respondents.

The trial justice also directed the respondent insurance company to pay to complainant Sophia M. Lukaszewski the sum of $216 from the proceeds of the policy on the life of Catherine M. Borecki. The policy contained a facility

of payment clause under which at any time before the appointment of an executor or administrator the company might pay the amount due under said policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to the company to be entitled · thereto by reason of having incurred expense in behalf of the insured, or for her burial.

The proceeds of the policy amounted to $377.78. Since complainant Sophia M. Lukaszewski had paid premiums thereon in the sum of $216 and respondent Anna C. Walmsley had paid her mother's funeral expenses, a division of the proceeds of the policy between them as provided in the decree appealed from appears to be equitable and fully supported by the evidence.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goodman, Oster & Gorin,* for complainants.

*William M. Connell, Thomas F. Vance, Jr.,* for respondents.