MADDALENA PASSARELLI *vs.* ANGELO PASSARELLI.

MARCH 22, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

158

ROBERTS, J. This bill in equity was brought to set aside a deed executed by the complainant wherein she conveyed to the respondent certain real estate located in the city of Providence. The respondent filed an answer in the nature of a cross bill wherein he set out a prayer for general relief. After a hearing in the superior court the trial justice entered a decree denying and dismissing the bill of complaint and denying the prayer for general relief set out in the cross bill. From that decree the complainant and the respondent have each prosecuted an appeal to this court.

The circumstances surrounding the transaction are not in substantial dispute. The complainant is a widow and the mother of respondent. She was 74 years of age and, having been born in Italy, came to this country when she was 21 years old. She had no formal education and is unable to read or write either in English or Italian. Her husband died in March 1958, and complainant thereupon became the sole owner of the property, it having been held in joint tenancy by her and her deceased husband. The respondent's wife died in November 1958 and immediately thereafter he and his five-year-old son took up residence with complainant, his mother, at the premises in question.

On March 3, 1959 respondent drove complainant to the office of an attorney who in this action is counsel for respondent. There she executed, by affixing her mark thereto, the warranty deed which she now seeks to set aside.

It appears from the decision of the trial justice that in his opinion complainant had failed to adduce any evidence probative of the averments set out in her bill. The bill, in substance, is predicated upon actual fraud, the averments thereof being that her execution of the deed had been procured by the misrepresentation of respondent concerning the legal effect thereof. From our examination of the transcript we are constrained to agree with the trial justice. The gist of the testimony of complainant is that she wants her property returned because respondent has given her nothing for it. The state of the evidence being thus, the trial justice entered the decree from which the appeals have been taken. The finding therein which is relevant to the issue here being considered is "That the complainant did execute the deed to the real estate described in the Bill of Complaint and did intend to execute it, and she knew what she was doing."

The complainant is invoking the assistance of equity on the ground that her execution of the deed was procured by the fraud and misrepresentation of respondent. The bill of complaint includes averments that a relationship of trust and confidence existed between her and respondent. In cases of this kind an averment of a relationship of trust and confidence raises a question as to who has the burden of proof on the material issues. Ordinarily one who seeks the cancellation of an instrument has the burden of establishing his right thereto by clear and convincing evidence. *Beaudoin* v. *Beaudoin,* 85 R. I. 465; *Dante* v. *Quilietti,* 71 R. I. 4. However, where a relationship of trust and confidence exists between a grantor and a grantee, it is generally held that the burden is on the grantee to establish that the transfer was the deliberate and voluntary act of the grantor

160

and that the transaction was fair, proper, and reasonable in all circumstances.

The rule which thus imposes the burden of proof in such cases on the respondent is in this state restricted in its application to those in which the relationship between the grantor and grantee is fiduciary in its nature. In *Earle* v. *Chace,* 12 R. I. 374, at page 379, we specifically noted the restricted application of the rule and said: "* * * where property is conveyed to a person holding a confidential relation to the grantor, like that of guardian to ward or trustee to *cestui que trust,* the *onus* is on the grantee to show affirmatively that the grantor acts with full knowledge and independently of the pressure of the relation." In *McDonough* v. *McDonough,* 88 R. I. 243, we stated that the burden of proof will be upon the respondent in these cases when the relationship under consideration is an "implicit trust relationship." We then held therein that the trust and confidence which usually accompany the relationship of parent and child, standing alone, are insufficient to relieve a complainant from being required to prove by clear and convincing evidence that the transaction was induced by fraud, duress, or overreaching. See *Graziano* v. *Graziano,* 81 R. I. 215.

The complainant, as we understand her, is contending that when a parent conveys property to a child the burden is on the grantee to prove that the transaction was free from fraud, duress, or overreaching if the grantor in fact made the conveyance by reason of the trust and confidence that inhered in the relationship. For the purpose of establishing such a factual reliance upon the relationship, she had introduced evidence concerning her advanced age, physical condition, and illiteracy. We are of the opinion, however, that under our rule it is necessary to show something more than the mere reliance of the grantor upon the grantee which normally accompanies the relation of parent and child. In *McDonough* v. *McDonough, supra,* we considered

and rejected the view urged by complainant. In that opinion at page 249 we said that in such cases "the court will scrutinize the transaction most carefully * * *" but stated specifically that the relationship thus shown is not a confidential relationship within the contemplation of the rule laid down in *Earle* v. *Chace, supra.*

The complainant has directed our attention to certain cases which she contends support the view that the existence of a parent and child relationship is sufficient to impose the burden of proof on a grantee in these cases. We are unable to perceive that any of the cases to which such reference is made states a rule that is inconsistent with the view we here take. In *Oldham* v. *Oldham,* 58 R. I. 268, the court used language which, apart from the context in which it appeared, would indicate that the parent and child relationship is a relationship which would warrant imposing the burden of proof on a grantee. Upon a close examination of that opinion, however, it becomes clear that the child to whom the fund in question had been assigned was expressly held by the court to be a trustee of such fund for the benefit of the assignor.

In *Lukaszewski* v. *Walmsley,* 83 R. I. 113, the trial justice stated that in these cases the burden is on the grantee to prove that the transaction was free from fraud, duress, or overreaching and this court approved such a conclusion. It is true that he put the burden of proof on the grantee, but he found subsequently that the grantee had sustained the burden of proof thus imposed upon him. In these circumstances this court found no error in his ruling, obviously meaning that there was no prejudice and hence no reversible error.

This court has held that the relationship between a parent and child may be fiduciary in character when property is conveyed by a parent to a child in consideration of a promise on the part of the child to maintain and support the parent. *Del Greco* v. *Del Greco,* 87 R. I. 435. There

162

are in the instant bill averments that the conveyance was made in consideration of a promise of support and maintenance. On this issue the trial justice made no finding, and, having closely scrutinized the transcript in this respect, we are compelled to conclude that there was no evidence therein which would tend to prove such a promise on the part of respondent. The weight of the evidence is to the contrary, the gist thereof being that the conveyance was made in consideration of respondent's promise to pay a substantial purchase price therefor. We cannot in these circumstances say that it was error for the trial justice to make no finding that the relationship between the parties was fiduciary in character or in requiring that complainant prove by clear and convincing evidence that her execution of the deed in question had been procured by fraud and misrepresentation.

The trial justice found, in substance, that complainant had executed the instant deed knowing what she was doing and intending to do so. It is our opinion that he intended to negative the existence of any actual fraudulent misrepresentation on the part of respondent designed to procure an execution of the deed by complainant. It was clearly his judgment that in the state of the evidence there had been a failure of proof with respect to the requirement that complainant establish by clear and convincing evidence that the conveyance had been induced by fraud or misrepresentation. Findings of this nature, when made by a trial justice sitting without a jury, will not be disturbed by this court on review unless they appear to be clearly wrong by reason of his having either overlooked or misconceived evidence probative of some material issue in the case. *Arch Lumber Co.* v. *Archibald,* 88 R. I. 49.

After a careful examination of the transcript and the record, we are unable to say that any evidence therein has been overlooked or misconceived by the trial justice. To the contrary, as he states, substantially most of the evidence

adduced on complainant's behalf tended to prove that respondent had failed to pay the price for which he had agreed to purchase the property. For this reason we are unable to perceive any error in the trial justice's denial of the prayer for cancellation of the deed, the ground for this intervention on the part of an equity court not having been established.

We turn to a consideration of complainant's contention that error inhered in the refusal of the trial justice to ascertain the purchase price of the property and to enter a decree in such amount in her behalf. It is our opinion that there is merit in this contention. The bill here does contain an averment of actual fraud which the trial justice found was not sustained by the proof adduced, but such a failure to sustain an averment of actual fraud no longer requires a dismissal of the bill. Pursuant to the provisions of G. L. 1956, §9-14-27, if in such a circumstance the bill raises other equitable issues, the court is required to retain jurisdiction and to grant the relief with respect to these issues as it finds appropriate. *Del Greco* v. *Del Greco, supra.*

It is clear from the record here that complainant is a vendor of realty, the purchase price of which remains unpaid. As such a vendor she has a lien on the real estate conveyed for the unpaid portion of the purchase price. Such a lien may be waived by the vendor, but absent such waiver it may be enforced in equity. *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co.,* 39 R. I. 69, 80; *Kent* v. *Gerhard,* 12 R. I. 92.

The instant bill contains no specific prayer for the impressment of a vendor's lien on the property, but there is in the bill a prayer for general relief. Ordinarily where such a prayer is set out in a bill of complaint, all relief will not be denied merely because of a failure to sustain a prayer for specific relief. Where proof consistent with the aver-

ments of the bill sufficiently establishes that the complainant has another right that should be protected in equity, such relief may be given under a general prayer for other and further relief. *Morin* v. *Randall,* 60 R. I. 505, 509; *Bagley* v. *Page,* 57 R. I. 186, 193.

There is evidence in the record that was obviously adduced for the purpose of establishing the purchase price upon which the parties had agreed in the instant transaction. In his decision the trial justice appears to conclude that the evidence so adduced was insufficient to establish that there had been any agreement as to the price that was to be paid for the property by the respondent. We neither heard nor saw the witnesses as they testified, an advantage which the trial justice had, and therefore we are unable to say that his conclusion was not warranted. It is, however, our opinion that it is in the interest of justice that the vendor's lien to which complainant ordinarily would be entitled should, if this be an appropriate case, be impressed upon the property conveyed to respondent.

It is our opinion that the demands of simple justice require that the parties be afforded an opportunity to adduce evidence material and relevant to this issue that is available to them. Pursuant to such procedure the trial justice may then determine whether in the circumstances this is an appropriate case for the imposition of a vendor's lien for an unpaid purchase price and, if so, in what amount. If it be determined that the complainant is entitled to such a lien, any decree that is thereafter entered pursuant to such hearing should provide for the imposition of such a lien on the realty in question and in the amount therein determined. See *Gregory* v. *Pawtucket Mut. Fire Ins. Co.,* 58 R. I. 434.

The respondent's appeal is denied and dismissed, the complainant's appeal is sustained in part, paragraph numbered 1 of the decree is affirmed and the remainder thereof is re-

versed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Guy E. Gallone,* for complainant.

*Vincent P. Marcaccio, Jr.,* for respondent.