BELLA BERMAN *v.* HERBERT REUTER.

JUNE 29, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is a bill in equity to set aside two deeds executed by the complainant wherein she conveyed to herself and to the respondent as joint tenants certain real estate located in the city of Providence. After a hearing in the superior court on bill, answer and proof the trial justice entered a decree denying and dismissing the bill and from that decree the complainant has prosecuted an appeal to this court.

The bill is predicated on the averments that respondent was guilty of both actual and constructive fraud, the former consisting of his having induced complainant to make the

conveyances on the representation that what was being signed was a will, and the latter in his having by virtue of his confidential relationship with complainant taken advantage of her old age, illiteracy, poor health and physical infirmities and of having lulled her into believing that the instruments she executed would not take effect until her death.

The respondent filed an answer in which he denies the allegations of actual fraud, and as to those of constructive fraud he denies some and neither admits nor denies the remainder but leaves complainant to her proof thereof. In addition his answer contains matter in the nature of a cross-bill consisting in substance of an averment that the joint tenancies were created in consideration of his agreement to assist complainant in her daily activities. He further alleges that notwithstanding his having performed these undertakings and his willingness to continue to perform them, complainant in violation of their agreement conveyed her undivided one-half interest in the property to and accepted a conveyance thereof from a straw man. His answer concludes with a prayer that these conveyances which destroyed the joint tenancy be declared null and void.

As we view this cause we are not required to set out the evidence at length, it being sufficient for our purposes to refer only to such of the material facts as are pertinent to the issues raised by complainant's appeal and as are necessary to provide background to the proceeding. It appears that complainant, aged 75, is foreign born and unable either to read or write English. The respondent is her cousin and the deeds under which he became a joint owner of the real estate which consisted of two parcels of residential property were executed shortly after the death of complainant's husband. These conveyances were forerunners of things to come and were followed by her designating respondent as the beneficiary on a life insurance policy, by her executing a will in which he was named as the sole beneficiary, and

by her authorizing him to draw, on his signature, against funds on deposit in her checking account.

All that is at issue here, however, are the deeds creating the joint tenancies and the parties are in substantial disagreement as to the intention of complainant in executing them. She testified that respondent told her that she was executing a will and that she believed him. Her attorney, Thomas B. Sullivan, who represented her and had acted as counsel for her deceased husband, prepared the deeds, witnessed their execution and took her acknowledgments. He testified that when she told him "she wanted to put his [respondent's] name on the property" he explained to her the significance of and "the danger" involved in "putting anyone's name on her real estate." Thereafter, at a second conference and notwithstanding his advice to her that she should not put anyone's name on the property, she instructed him to prepare the deeds and gave him her deeds to the property in order to facilitate obtaining descriptions of the two parcels. Prior to their execution attorney Sullivan read the deeds to complainant, again explained the nature of a joint tenancy, and by way of illustration pointed out that respondent would have as much authority as she would have over the property even to the extent of determining the color the houses should be painted.

The trial justice rendered a decision from the bench in which he reviewed the evidence and found that the conveyances had not been induced by fraud, either actual or constructive, or by mistake, which complainant had urged as a further ground for relief at the hearing in the superior court. He also found that complainant was fully aware of what she was doing and intended to make a gift to respondent of a present interest in her property. Thereafter a decree incorporating all of these findings, except for that of mistake, was entered and the bill was denied and dismissed. Neither in his decision nor in the decree is any disposition

made of the prayer for cancellation·contained in the cross-bill and respondent in his brief concedes that it should be denied and dismissed.

The complainant does not question the findings that there was no evidence of either actual or constructive fraud nor does she challenge the trial justice's conclusion that she knew the consequences of what she was doing and that therefore cancellation should not be decreed on the ground of mistake. Instead she treats the allegation in the answer that the conveyances were made pursuant to an agreement between the parties as an affirmative defense rather than as a ground for the relief prayed for by respondent, and she argues that his failure to sustain the burden of proving performance of his obligations under that agreement requires a cancellation of the deeds.

In our opinion there is no merit in this contention. While it is clear that ordinarily the burden is on a respondent to establish an affirmative allegation advanced as a defense in his answer and that he can take no benefit therefrom unless he does so, this is not the case where the material allegations of the bill upon which entitlement to relief depends have been denied or otherwise put in issue by the answer. In such circumstances a respondent is under no obligation to go forward with proof in support of his defense until the complainant has at least presented a prima facie case. *Bryant* v. *Groves,* 42 W. Va. 10. See *Flynn* v. *Byrne,* 82 R. I. 48. In this proceeding complainant failed to establish entitlement to relief under her bill and in the posture in which the case was before him it would have been error for the trial justice to require respondent to prove that he had furnished any consideration for the conveyances.

We turn now to the trial justice's finding that a gift was made by complainant to respondent of a present interest in her property. The complainant contends that this was error because it was made without regard to the requirement well settled in this state that the burden of proving a gift by

satisfactory evidence rests on the donee. *Pearlman* v. *Campaloni,* 96 R. I. 145, 190 A.2d 7, 9; *Carr* v. *MacDonald,* 70 R. I. 65, 73.

In equity just as at law, good pleading is essential and orderly practice requires that the determination of a cause in equity be confined to the issues raised by the pleadings. *Brown* v. *McGuire,* 78 R. I. 478; *Dolan* v. *Dolan,* 78 R. I. 12. Here neither the bill nor the answer contains any allegation which either directly or by reasonable construction raises the issue of whether complainant made a gift of the real estate to respondent. That issue was not before the trial justice and his finding thereon was in no way essential to a disposition of the cause and must be considered as surplusage and therefore a nullity. See *Dillon* v. *Dillon,* 49 R. I. 84, 86. The question of whether he erred in finding that the conveyances were voluntary and were intended as a gift is therefore not before us.

It is finally contended by complainant that even though she failed to adduce proof in support of her charge of actual or constructive fraud, it was incumbent upon the trial justice under G. L. 1956, §9-14-27, to determine whether the conveyances were intended as a gift or in the alternative were made in consideration of respondent's promise to care for and attend to her needs. Because she raises a question of statutory construction we will consider her contention, although we have already decided that the questions of failure of consideration and gift are not in issue and notwithstanding the inconsistency between her argument that the trial justice failed to determine and her contention that he determined incorrectly whether there was a gift.

Prior to the enactment of P. L. 1929, chap. 1338, now G. L. 1956, §9-14-27, in amended form, it was well established in this state that failure to prove a charge of actual fraud in a bill in equity necessitated a dismissal of the bill even though it might have stated other grounds upon which

relief could have been granted. A complainant who charged actual fraud had to stand or fall on that ground alone, as under such a bill no other issue was before the court. *Dillon* v. *Dillon, supra; Thornley Supply Co.* v. *Madigan,* 48 R. I. 271; *Grant* v. *Wilcox,* 44 R. I. 94. The only significant change in the established rule made by the statute was to require the equity court, if the respondent consented, to retain jurisdiction of a bill of complaint in order to hear and determine other issues raised therein. *Korjian* v. *Boghigian,* 60 R. I. 73, 78. The requirement as to the necessity for the respondent's consent was eliminated by P. L. 1940, chap. 934. The rule now is that failure to sustain an averment of actual fraud does not require a dismissal of a bill in equity where other equitable issues are raised under a special prayer or when consistent with the averments of a bill under a general prayer for other and further relief. *Passarelli* v. *Passarelli,* 94 R. I. 157, 179 A.2d 330.

The application of this principle, however, is limited to those situations where there is "some other proper basis for granting relief under the special or general prayers apart from *actual* fraud," *Brown* v. *McGuire, supra,* at page 483, and it requires a retention of jurisdiction only as to issues which have been raised in the bill of complaint. *Passarelli* v. *Passarelli, supra; Del Greco* v. *Del Greco,* 87 R. I. 435.

In this cause the complainant framed her bill on charges of actual and constructive fraud and at the hearing before the superior court she relied also on mistake. Her bill contains no allegation which is susceptible of being construed as bringing into issue the question of whether the consideration for the deeds was a promise by the respondent to care for her, and she cannot rely on her prayer for general relief since thereunder relief on the ground of failure of consideration is not reasonably consistent with the case stated in her bill. It is also abundantly evident that she does not raise in her bill the issue of gift. The complainant cannot

complain because the trial justice did not pass on issues not brought before him by her bill.

The complainant's appeal is denied and dismissed, and the cause is remanded to the superior court with direction to enter an amended decree denying and dismissing both the bill of complaint and the cross-bill.

*Arthur N. Votolato,* for complainant.

*Thomas H. Needham,* for respondent.